[Crim. No. 4329.   Second Dist., Div. Two.   Sept. 21, 1949.]

THE PEOPLE, Respondent, v. JOSEPH ANTHONY BELTRAN, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

WILSON, J.—This appeal is without merit. Appellant and his two codefendants were charged in two counts of the information with armed robbery and in count three with kidnaping for the purpose of robbery. The information also alleged that defendants were armed at the time of their arrest and that appellant had suffered a prior conviction of felony and had served a term of imprisonment therefor in the state prison. He admitted the latter allegation.

Defendants were tried by a jury which found appellant guilty on all three counts, found that the robberies were of the first degree, that appellant was armed at the time of the commission of the offenses and at the time of his arrest. He has appealed from the judgment of conviction.

Appellant does not question his conviction on the two counts of robbery. As nearly as can be ascertained from his brief* the contentions for reversal of his conviction on the charge of kidnaping are three in number.

1. Appellant contends that the verdict finding him guilty of kidnaping is void in that it is in general language— ". . . guilty of Kidnaping as charged in Count III of the information" and does not find in the particular words of the information "kidnaping for the purpose of committing robbery." The verdict in the language quoted is definite and specific and the repetition in the verdict of all the words and phrases contained in the information is unnecessary. (*People* v. *Gilbert,* 60 Cal. 108, 111; *People* v. *Sachau,* 78 Cal.App. 702, 709-11 [248 P. 960].)

---

*Appellant's brief does not conform to the Rules on Appeal, which have been in force since July, 1943, in that the points relied on do not appear separately, and it does not contain headings indicating the alleged errors. (See rule 15, 22 Cal.App.2d 12.)

2. The second point is that the verdict does not indicate whether the jury convicted appellant of kidnaping under section 207 of the Penal Code which carries a penalty of imprisonment for not more than 25 years (§ 208), or under section 209 which provides for punishment by death or imprisonment for life. Count three charged the crime in the language of section 209, hence the verdict of guilty as charged cannot refer to any other provision of the code than that section.

3. The third contention is that the verdict did not fix the degree of the crime of which appellant was found guilty. Kidnaping for the purpose of robbery, defined by section 209 of the Penal Code, is separate and distinct from robbery (Pen. Code, § 211), which was the object of the kidnaping. Since the crime of kidnaping is not divided into degrees the jury was not required to find the degree. (*People* v. *Klinkenberg*, 90 Cal.App.2d 608, 636 [204 P.2d 47, 64, 613] ; *People* v. *Clement*, 97 Cal.App. 238, 241 [275 P. 511].)

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.