[Crim. No. 3044.   First Dist., Div. Two.   Jan. 24, 1955.]

THE PEOPLE, Respondent, v. JACK K. WILKERSON, Appellant.

Jack K. Wilkerson, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendant was charged with two counts of robbery and a prior felony conviction. In the first jury trial the jury failed to agree on a verdict. On the second he was found guilty of robbery in the second degree on both counts. Motion for new trial was denied. Defendant appeals from the judgment and from the order denying a new trial.

Two gas stations in Berkeley were robbed on the night of January 29, 1954. In the first robbery the owner, Tony Cianciarulo, was accosted by a man with a gun who forced him to open the cash box and to hand over $10 from his own wallet, netting the robber approximately $92. The man then forced Mr. Cianciarulo to walk a short distance down a side street and left him. Mr. Cianciarulo returned to the gas station and asked a customer, who had just driven up, to go after the robber whom he saw getting into a car. The customer gave chase but lost the car. He did not get the license number but saw the car well enough to describe it as a 1951 or 1952 two-door Chrysler, which appeared gray in color. His description fitted that of appellant's car except that the car was two-toned with an off-white bottom and bright blue top. Appellant also claims that the description of the location of the license plate did not coincide with the one on the rear of his car.

The second robbery occurred shortly after the first by a man dressed the same as the perpetrator of the first theft. He obtained approximately $25 from the attendant of the second gas station.

Both victims identified appellant as the man who had held them up, first picking him out of a group of photographs and later identifying him in a lineup.

Appellant, who appeals in propria persona, makes no clear cut presentation of his grounds for reversal. However, it appears that his main contentions are:

(1) Insufficiency of the evidence to sustain the judgment.

(2) Error in admission of evidence resulting in the denial of a fair trial.

(3) Incompetence and negligence of his counsel and failure of the trial court to inform him of his right to personally take part in court proceedings under article I, section 13 of the Constitution, and section 686, Penal Code.

Other points do not merit consideration. ■ The objection that the prosecution withheld from evidence a coat and hat taken from appellant's home is without merit. The witnesses did not identify appellant by the hat or the coat he was wearing, hence the failure of the prosecution to put them in evidence was not prejudicial.

■ (1) In his argument as to the insufficiency of the evidence appellant refers to statements made by witnesses in describing appellant's car and appellant which did not fit. He also charges his counsel with incompetence for failing to bring out these discrepancies before the jury in order to discredit the prosecution witnesses. As further evidence of his innocence appellant quotes the testimony of defense witnesses to show he was at his home on a ranch near Salinas and could not have been in Berkeley at the time the robberies took place. These witnesses were his wife who testified that the two of them went to bed about 9 p. m.; his mother-in-law who testified that when she went to see her daughter at 9:45 p. m. the house was dark, that she did not go in but saw appellant's Chrysler parked in front of the house; his employer who saw the Chrysler parked in front of the house at 6:30 p. m.

As opposed to this testimony we have the testimony of the two witnesses who identified appellant as the man who robbed the service stations. Thus we have a conflict in the evidence and it is a well settled rule that where the evidence is conflicting the appellate court will not disturb the verdict when there is substantial evidence to sustain it.

■ (2) Appellant charged the district attorney created gross prejudice against him in the minds of the jurors by bringing out the facts of a prior conviction not charged in

the indictment, and not admissible in evidence as a prior felony conviction. The district attorney questioned appellant regarding a conviction for violation of the Dyer Act, a federal offense, in 1941, which appellant admitted. Defense counsel objected to the question on the ground that he doubted if it were a proper prior conviction because of the age of the appellant, who at that time was 17. The judge ruled it was permissible for purposes of impeachment if at the place the offense was committed it was a felony. Under the reasoning and holding of the court in *People* v. *Theodore,* 121 Cal.App.2d 17, 29 [262 P.2d 630], appellant's conviction of the Dyer Act constituted a felony. However, if the admission of this evidence for purposes of impeachment had been error it was not prejudicial error requiring reversal for there was so much stronger evidence against appellant that this particular admission could have had little effect in the determination of the jury.

(3) Incompetence of his counsel cannot be a ground for reversal. Appellant had had the same counsel in his previous trial which resulted in a failure to convict; he could have discharged him and secured another one if he had thought him incompetent; at no time during the second trial did he complain to the court of the acts of his attorney, and thus after an adverse judgment, he cannot now do so. (*People* v. *Youders,* 96 Cal.App.2d 562, 569 [215 P.2d 743].)

Order and judgment affirmed.

Dooling, J., and Kaufman, J., concurred.