[Crim. No. 5331.   Second Dist., Div. Three.   Aug. 24, 1955.]

THE PEOPLE, Respondent, v. JAMES GORDON TAYLOR
et al., Appellants.

Ernest L. Graves, James K. Turner and Morris Lavine for Appellants.

Edmund G. Brown, Attorney General, Doris H. Maier and F. G. Girard, Deputy Attorneys General, for Respondent.

VALLÉE, J.—Defendants were convicted by a jury of armed robbery and of kidnaping for the purpose of robbery and it was found that they were armed at the time. . Defendant Taylor appealed (1) from the judgment, (2) from the order denying his motion for a new trial, (3) from an order denying his motion for a separate trial, and (4) from an order refusing to remand disposition of his case to the juvenile court. Defendant Martineau appealed from the judgment. On a prior trial, a jury disagreed as to the guilt of defendants on both charges. Defendants do not attack the convictions of robbery. They challenge the convictions of kidnaping for the purpose of robbery.

Prior to the amendment of section 209 of the Penal Code in 1951, kidnaping for the purpose of robbery consisted not only of orthodox kidnaping for ransom or robbery, but also consisted of detention of the victim during the commission of robbery. Movement of the victim was not required. The statute made the act of seizure for ransom, reward, or to commit extortion or robbery, a felony. Detention during armed robbery was kidnaping for the purpose of robbery. (*People v. Knowles,* 35 Cal.2d 175, 179-181 [217 P.2d 1].) ▮ In 1951 the Legislature amended section 209 to provide in material part, "Any person . . . who kidnaps or carries away any individual to commit robbery . . . shall suffer death or shall be punished by imprisonment in the state prison for life without possibility of parole, at the discretion of the jury trying the same, in cases in which the person . . . subjected to such kidnaping suffers . . . bodily harm." Under the statute as amended the mere detention of the victim during the commission of armed robbery is not punishable under section 209. (*People v. Chessman,* 38 Cal.2d 166, 190 [238 P.2d 1001].)

The acts charged against defendants as constituting kidnaping for the purpose of robbery were alleged to have been committed in 1954. The court, in instructing the jury in the present case, stated the law with respect to kidnaping

for the purpose of robbery as it existed prior to the 1951 amendment.[1] The cause was submitted to the jury following the instructions. After the jury had deliberated about an hour, they returned to the courtroom and the following took place: "THE COURT: Who is the foreman? MR. BROWN: I am, your Honor. THE COURT: What was it you wanted? THE FOREMAN: We specifically wanted to hear the instructions of the court on kidnapping. THE COURT: Mr. Bailiff, I will have to have Caljic. Will you get it for me? Beginning with the definition of kidnapping as defined in Penal Code Section 209, I shall, at the request of the foreman of the jury, read the instructions relating to kidnapping." The court then repeated the instructions previously given as copied in the margin. The foreman stated, "I think that clears up our problem"; and the jury returned to the jury room. Shortly thereafter the jury returned verdicts of guilty of armed robbery and of kidnaping for the purpose of robbery and found that defendants were armed at the time of the commission of the offenses.

■ Manifestly the court erred in instructing the jury that mere seizure or detention of the victim during the commission of the robbery constitutes kidnaping for the purpose of robbery. The error was prejudicial. The attorney general,

[1]The instructions read:

"Every person who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away any individual by any means whatsoever, with intent to hold or detain such individual for ransom, reward, or to commit extortion or robbery, or to exact from relatives or friends of such person any money or valuable thing, or who actually holds or detains such person for any such purpose, or who aids or abets any such act, is guilty of a crime.

"You will note that an essential element of crime charged against the defendant in (count two of) the information is a specific intent to hold or detain the person subjected to the offense for ransom or reward, or to commit extortion or robbery, or to exact from relatives or friends of such person money or other valuable thing. This intent must be a motivating purpose of the action, although it need not be the only such purpose. Hence one cannot be guilty of such a crime unless his conduct is motivated by such an intent.

"When a person seizes another with intent to hold or detain him, or seizes him in the act of holding and detaining him, for ransom, reward, or to commit extortion or robbery, or to exact from relatives or friends of the seized person any money or valuable thing, such seizure constitutes a crime whether or not the person so seized is carried or otherwise moved any distance from the place of the attack.

"Where a person is charged with the crime of kidnaping for the purpose of robbery it is not necessary to a conviction that the proof show that such purpose was accomplished, for a crime of that nature is complete if and when the kidnaping is done for such a purpose."

with laudable candor, so concedes and says the error was substantial and is not saved by article VI, section 4½, of the Constitution. We have examined the record and agree.

Defendant Taylor requests that this court direct the superior court to permit him to file an application for probation and to entertain and pass on the same. That this court cannot do. Taylor was convicted of robbery in the first degree, robbery perpetrated by a person being armed with a dangerous or deadly weapon. (Pen. Code, § 211a.) The jury also found he was armed at the time of his commission of the offense. The evidence supports the verdict and the finding. Penal Code, section 1203 provides, ''Probation should not be granted to any defendant who shall have been convicted of robbery . . . and who at the time of the perpetration of said crime . . . was himself armed with a deadly weapon (unless at the time he had a lawful right to carry the same), nor to a defendant who used or attempted to use a deadly weapon upon a human being in connection with the perpetration of the crime of which he was convicted, . . .''

The appeals of defendant Taylor from the orders denying his motion for a separate trial and refusing to remand disposition of his cause to the juvenile court are dismissed. Such orders are not appealable, but are reviewable on the appeal from the judgment. Taylor does not mention the points in his brief and they are deemed to have been abandoned. The judgments of conviction of robbery and the order denying Taylor's motion for a new trial relative to that conviction are affirmed. The judgments of conviction of kidnaping for the purpose of robbery and the order denying Taylor's motion for a new trial with respect to that charge are reversed.

Wood (Parker), Acting P. J., and Ashburn, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.