[Crim. No. 5591.   Second Dist., Div. Three.   June 26, 1956.]

THE PEOPLE, Respondent, v. DOUGLAS RICKLAND CLUCHEY, Appellant.

564

Gladys Towles Root and Joseph A. Armstrong for Appellant.

Edmund G. Brown, Attorney General, and Patrick T. McCormick, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted, first, of having kidnaped Robert Spencer to commit robbery and of subjecting him to bodily harm (Pen. Code, § 209), and, second, of robbery (Pen. Code, § 211). He was sentenced to state prison without possibility of parole. He appeals from the judgment and an order denying a new trial.

On February 2, 1955, Spencer, a rent collector, emerged from a hotel in Los Angeles with $850 on his person. He got into his car. As he did so defendant got into the rear of the car. Defendant pulled a revolver and ordered Spencer to drive. As Spencer was driving defendant jabbed him in the back of the neck with the gun. After Spencer had driven several blocks, defendant ordered him to stop and to give him his diamond ring and billfold, which Spencer did. Defendant then ordered him to drive for some time, during

which he (defendant) had the gun in his hand. He finally told Spencer to stop, turn off the ignition, and give him the car key. He put the gun in front of Spencer's face and said, "I'll give you something to remember me by," and shot him in the right side. Defendant then fled.

The specifications of error are: 1. The convictions of kidnaping and robbery constitute double punishment for one offense. 2. The evidence is insufficient on which to base the implied finding that Spencer suffered bodily harm.

The argument with respect to the first point is that punishment for robbery and kidnaping for the purpose of robbery are inconsistent because the robbery is an essential element of the kidnaping for the purpose of robbery, and the conviction of the two offenses amounts to double punishment, forbidden by Penal Code, section 654. This section says "an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other." Defendant implies he should have been convicted and punished for robbery only.

Section 209 provides in material part: "Any person . . . who kidnaps or carries away any individual to commit robbery . . . shall suffer death or shall be punished by imprisonment in the state prison for life without possibility of parole, at the discretion of the jury trying the same, in cases in which the person . . . subjected to such kidnaping suffers . . . bodily harm."

■ The mere detention of the victim during the commission of armed robbery is not kidnaping for the purpose of robbery within the meaning of section 209 of the Penal Code. (*People* v. *Taylor*, 135 Cal.App.2d 201, 202 [286 P.2d 952].) ■ When the victim, by threat of force, is transported or carried away to commit robbery, the offense of kidnaping for the purpose of robbery is committed. (*People* v. *Thompson*, 133 Cal.App.2d 4, 7-8 [284 P.2d 39].) ■ "It is the fact, not the distance, of forcible removal which constitutes kidnaping in this state." (*People* v. *Chessman*, 38 Cal.2d 166, 192 [238 P.2d 1001].) ■ Kidnaping for the purpose of robbery is a separate and distinct offense from the robbery. (*People* v. *Beltran*, 93 Cal.App.2d 704, 706 [209 P.2d 635].) ■ Here there was a clear case of kidnaping for the purpose of robbery. Defendant forced Spen-

cer at gunpoint to drive around for several blocks until a convenient place for robbing him was found, where he ordered him to stop and the robbery took place. There were two separate and distinct offenses committed—the transportation or kidnaping for the obvious purpose of robbery and the robbery at the place where Spencer was ordered to stop. The judgment sentencing defendant for the two offenses did not constitute double punishment for one offense. (*Cf. People* v. *Brown,* 29 Cal.2d 555 [176 P.2d 929].)

The contention that the evidence is insufficient on which to base the implied finding of bodily harm is predicated on the theory that defendant did not intentionally shoot Spencer. ■ The intention of a person is manifested by the circumstances connected with the offense. (Pen. Code, § 21.) Intention is a question of fact. ■ It was for the trier of fact to say whether defendant intentionally shot Spencer. Defendant told him he would give him something to remember him by and then shot him. The fact that he shot Spencer, together with this statement, was enough to show his intention to subject Spencer to bodily harm. (*People* v. *Brown,* 29 Cal. 2d 555, 559 [176 P.2d. 929].)

■ An argument that there was no intention is based on the testimony of Spencer given on the hearing of the motion for a new trial. When asked if he believed defendant "might have intended to do some injury to you and then may have at a later time abandoned that intention, let us say," he answered, "That's pretty hard to tell." What Spencer's state of mind was some time after defendant had been found guilty is of no consequence on review. The court's finding of "guilty" was predicated on Spencer's testimony that defendant shot him. Defendant did not deny the fact. Whether Spencer later thought the shooting was not intentional is immaterial. (*People* v. *Holt,* 93 Cal.App.2d 473, 477 [209 P.2d 94].)

The judgment and the order denying a new trial are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied July 11, 1956, and appellant's petition for a hearing by the Supreme Court was denied July 24, 1956.