[Crim. No. 6556. Second Dist., Div. Three. Feb. 24, 1960.]

THE PEOPLE, Respondent, v. ALEXANDER R. CASS, Appellant.

Alexander R. Cass, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—Alexander R. Cass was accused of the robbery of Verda L. Smith and in a separate count of kidnaping Miss Smith for the purpose of robbery. In a jury trial, he was found guilty of both offenses and was sentenced to state prison. Cass appeals from the judgment. Upon his application for appointment of counsel, we followed our usual prac-

306

tice. (*People* v. *Perez,* 162 Cal.App.2d 650 [328 P.2d 512].)
Our examination of the record disclosed that appointment
of counsel would be of no benefit to appellant or to the court;
appointment of counsel was denied, appellant was duly notified
and afforded an opportunity to file a brief; no brief has been
filed.

The convictions were based upon evidence of the following
facts. Shortly after 3 p. m. on May 9, 1958, a Negro couple
entered a nurses uniform store in the vicinity of the Los
Angeles County General Hospital. The man was wearing a
hat and a pair of dark glasses. After assisting his companion
in selecting some dresses, he approached Lucy Duran, a sales
clerk, exhibited a gun and ordered her into the restroom;
he then exhibited the gun to Miss Smith, who was also a sales
clerk, and to Ardelia Potts, a customer, and ordered them into
the restroom; Stella LeBleu, another employe, was there when
the ladies entered. After rifling a cash drawer in the front
of the store, the man returned and ordered Miss Smith at gun-
point to get the rest of the money from the back room; he
pushed her into the back room and forced her to give him
approximately $1,750 which was kept in a cash box; he
dropped the money into a paper bag held by his companion.
The couple then left the store and were observed running
toward a parked car by a Mrs. Dixson, who was sweeping the
sidewalk in front of her house.

Appellant was identified as the robber by the three em-
ployes and by the customer, Mrs. Potts, and he was also iden-
tified by Mrs. Dixson. The witnesses were shown a hat and a
pair of dark glasses which appellant was wearing at the time
of his arrest. They testified that the hat was similar to the
one worn by the robber but the glasses were not similar.

The defense was an alibi. Cass testified that on the morn-
ing of May 9th he drove to Fontana with his mother, his step-
father and a Mr. and Mrs. Jackson and their children to re-
move some furniture from a house his mother had sold; he
did not return to Los Angeles until evening. He bought the
hat at a department store five days after the robbery and
there was introduced in evidence as a defense exhibit a sales
slip from Bullock's reflecting the sale of a felt hat and a
straw hat to an unspecified purchaser on May 14th. Ap-
pellant's account of his whereabouts on May 9th was corrobo-
rated by his parents and by the Jacksons. Mrs. Jackson testi-
fied that her son, Gregory, and her daughter, Virginia, ac-
companied her to Fontana. But the People produced the
rebuttal testimony of a typist employed at the school at-

tended by the Jackson children that according to the school records, Gregory and Virginia were present in class on May 9th.

The evidence amply established appellant's guilt of both offenses. (*People* v. *Cluchey*, 142 Cal.App.2d 563 [298 P.2d 633].) Although meticulous cross-examination by his counsel disclosed a number of discrepancies in the testimony of the eyewitnesses, the jury gave full credit to their identification of Cass as the perpetrator of the robbery and we can do no less. (*People* v. *Wilkerson*, 130 Cal.App.2d 330 [279 P.2d 56].) The forcible removal of Miss Smith from one part of the store to another to obtain money from the cash box constituted a kidnaping for the purpose of robbery. (Pen. Code, § 209; *People* v. *O'Farrell*, 161 Cal.App.2d 13 [325 P.2d 1002].) The case was tried without error.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.