[Crim. No. 3782.   First Dist., Div. One.   Mar. 27, 1961.]

THE PEOPLE, Respondent, v. GILBERT Z. FIELDS, Appellant.

Antone G. Cincotta, Jr., under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Edward P. O'Brien, Deputy Attorneys General, for Respondent.

DUNIWAY, J.—Appeal from a judgment whereby defendant was convicted of simple kidnapping (Pen. Code, § 207), forceful rape (Pen. Code, § 261, subd. 3) and robbery in the second degree (Pen. Code, § 211). Sentences were ordered served consecutively, as to each count.

Through court-appointed counsel, two contentions are made: (1) that, under the provisions of Penal Code, section 654, defendant could not be convicted of both kidnapping and rape; and (2) that the evidence is insufficient to sustain the conviction of robbery. We conclude that neither point is well taken.

1. *The defendant was properly convicted of both kidnapping and rape.*

The decision of this question requires that the facts be stated. In doing so, we resolve all conflicts in support of the verdicts and judgment.

At about 10 p. m. on October 5, 1959, the victim, an unmarried girl of 17, who was returning home from work, got off a bus at a point near her home in a suburb of San Jose. Defendant and one Curiel (a codefendant who has not appealed) drove alongside her in a truck. She was forcibly seized and dragged into the truck. Defendant was driving and she was placed between the two men. She was told that she was "going for a ride." She repeatedly protested and asked to be taken

home. The truck made a U-turn and was driven to a grocery store, where defendant got out and purchased some beer. Defendant then drove out Alum Rock Avenue and up the Mt. Hamilton Road. He offered the victim some beer, which she refused, and, because of this and her continued protests and screaming, he struck her several times with the back of his hand.

Defendant drove for some 20 minutes and pulled off the road. He then got out and told Curiel to drive. Curiel also got out and the victim shut and locked the door on the passenger's side. However, the window was open and defendant, being then on that side, reached in, unlocked the door, and struck the victim. She struck him with her shoe. He tore off her skirt. Eventually, he attempted to drag her from the driver's side of the truck, and in doing so tore off her girdle and stockings. He finally dragged her out and around to the other side of the truck, knocked her down, and, while Curiel held her, raped her. There followed another forcible rape by Curiel.

Penal Code, section 654, provides: "An act or omission which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one; . . ."

Defendant's present primary reliance is on *Neal* v. *State,* 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839], and *In re Dowding,* 188 Cal.App.2d 418 [10 Cal.Rptr. 392], both decided since this appeal was taken. He also relies on *People* v. *Langdon,* 52 Cal.2d 425 [341 P.2d 303]; *People* v. *Wein,* 50 Cal.2d 383 [326 P.2d 457], and *People* v. *Chessman,* 38 Cal. 2d 166 [238 P.2d 1001].

In the Neal case, the defendant had thrown gasoline into the bedroom of two persons and ignited it. He was convicted on two counts of attempted murder and one of arson. The court said that the evidence "discloses only a single course of criminal conduct involving the commission of three offenses, motivated by petitioner's determination to kill Mr. and Mrs. Raymond . . ." (P. 17.) It emphasized that "this is not a case . . . where the court in proceeding to punish for all three convictions could be said to have rested its determination upon conflicting evidence." (P. 17.) It then proceeded to lay down two rules as to the applicability of Penal Code, section 654: First, the section applies where there is but a single act. We think that the case could have rested upon that ground alone. (See pp. 18-20.) The court, however, went further, and

announced a second test: "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (P. 19.) It was held that petitioner could not be convicted of both arson and attempted murder, but that, there being two victims whom he tried to kill, he could be separately convicted of an attempt to murder each. (Pp. 20-21.)

There are obvious differences between *Neal* and the case at bar. Here we think that the trier of fact could well have found that the course of conduct was divisible; that the seizure and asportation of the victim, which lasted for half an hour or more, and was interrupted by a stop to buy some beer, was not, initially, with an intent to commit forcible rape, and that that intent arose in defendant's mind a considerable time after the kidnapping. Defendant may well have begun by hoping that, with the aid of beer, he could persuade the victim to indulge his desires voluntarily. He may not, at the start, have intended to have sexual relations with her at all. The victim herself testified that he told her he was going to take her the long way home, to show her that she could trust him. Defendant did not testify, but Curiel did, and his testimony would support a finding that when he and defendant first got the victim into the truck their purpose was not to commit forcible rape. We see no reason why the trier of fact could not consider this testimony.

In *Neal*, the court cites with apparent approval *In re Chapman*, 43 Cal.2d 385, at page 390 [273 P.2d 817], where the court said " 'Whether the evidence accepted by the trier of fact shows petitioner guilty of one crime or of two is in part a factual question.' " (55 Cal.2d at p. 17 [9 Cal.Rptr. 607, 357 P.2d 839] ; see also *People* v. *Brown*, 49 Cal.2d 577, 591 [320 P.2d 5].) We think that language applicable here.

*In re Dowding, supra,* 188 Cal.App.2d 418, is also distinguishable. There the defendant unlawfully entered a drug store for the purpose of robbing the druggist, and was convicted of robbery and burglary, the information charging that the burglary was a part of the act, transaction and event described in the robbery count. Following *Neal*, the court held that the conviction of both offenses could not stand. The factual difference from the case at bar is apparent. We think the legal difference is equally apparent.

The Langdon, Wein and Chessman cases are strikingly similar to each other. Each involved a "technical" kidnapping—the moving of the victim for a short distance in accomplishing a sex offense, or a robbery, or both. They would be in point if we were to limit our consideration of the facts of the present case to the events beginning when defendant seized the victim, after the truck had been parked, and dragged her out of the truck on the left side and from thence to the right side, where the rape took place. In each of the three cited cases, no trier of fact could find more than a single act, or that the kidnapping was not incident to the one objective—the sex offense or robbery. Not so here.

Most closely in point is *People* v. *Cluchey,* 142 Cal.App.2d 563 [298 P.2d 633], in which defendant's conviction of both kidnapping and robbery was upheld. In that case the defendant compelled the victim to drive some distance in his own car, then robbed him, and then compelled him to drive further. It was held that he was properly convicted of both offenses.

We conclude that defendant in this case was properly convicted of both kidnapping and rape.

2. *Defendant was properly convicted of robbery.*

Following the second rape, the victim picked up her clothes and got into the truck. Her purse was lying on the ground outside the truck. It contained $26. She asked for it, but defendant picked it up, carried it to the front of the truck, examined its contents, and took the $26, which he retained. It is contended that the taking was not from her "immediate presence," and was not "accomplished by means of force or fear" (Pen. Code, § 211). Neither claim has merit. *People* v. *Lavender,* 137 Cal.App. 582 [31 P.2d 439], is squarely in point, as to immediate presence. The victim herself testified that at the time she was "scared," as no doubt she was.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.