[Crim. No. 1597.   Fourth Dist.   Mar. 12, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. RAY JESSE VELARDE, Defendant and Appellant.

Elinor Chandler for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

SHEPARD, J.—This is an appeal by defendant Ray Jesse Velarde from a judgment of conviction following a jury verdict of guilty on two counts of kidnapping for purpose of robbery (Pen. Code, § 209) and two counts of first degree robbery. Appellant's codefendant, Angel Diaz, was acquitted on all four counts charged in the amended information.

### FACTS

Appellant concedes the sufficiency of the evidence to support the verdict and we will therefore relate only the basic facts.

On September 15, 1960, appellant and another man, using a 38-caliber revolver, robbed Joseph and Roy Worth in the Worth store at San Clemente. At gun point the victims were forced to go from the front of the store to a back room where

they were compelled to lie face down on the floor and their arms and legs were bound. The robbers then took from the person of one of the victims and from the cash register a total of approximately $134, plus two revolvers. On September 25, 1961, appellant was caught in Los Angeles while attempting to commit another robbery and one of the revolvers taken in the San Clemente robbery was found in his possession. An armed, masked man aided appellant to escape from the Van Nuys jail a few hours later. The same day, appellant was again arrested at the Mexican border. The victims of the Worth robbery positively identified appellant as one of the persons who robbed them on September 15, 1960. On cross-examination appellant indirectly but in essential substance admitted participation in the robbery at San Clemente but denied the presence of codefendant Diaz at that time.

### VALIDITY OF PENAL CODE SECTION 209

Appellant contends, first, that Penal Code section 209 is unconstitutional. There is no merit in this point. (*People* v. *Wein,* 50 Cal.2d 383, 400 [16] [326 P.2d 457]; *People* v. *Norman,* 177 Cal.App.2d 59, 66 [8] [1 Cal.Rptr. 699], certiorari denied, 364 U.S. 820 [81 S.Ct. 56, 5 L.Ed.2d 51]; *People* v. *Monk,* 56 Cal.2d 288, 296 [6] [14 Cal.Rptr. 633, 363 P.2d 865].) The section does not deny equal protection under law. (*People* v. *Langdon,* 52 Cal.2d 425, 435-436 [10] [341 P.2d 303]; *People* v. *Thompson,* 133 Cal.App.2d 4, 7-8 [1] [284 P.2d 39].) We find nothing in appellant's contention that the section is administered "with an evil eye and an unjust hand" that is not amply covered by the authorities above cited. The point has no merit.

### DOUBLE PUNISHMENT

Appellant next contends that the judgments and sentences on counts 1 and 2 (kidnapping for the purpose of robbery) resulted from the same set of indivisible acts as those involved in counts 3 and 4 (armed robbery), the kidnapping being merely incidental to the primary purpose of robbery, and that therefore the judgment of conviction and sentence on all four counts is double punishment contrary to the provisions of Penal Code section 654. With this we agree. As was said in *Neal* v. *State of California,* 55 Cal.2d 11, 19 [22] [9 Cal. Rptr. 607, 357 P.2d 839], "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and

objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." See also *People* v. *Chessman,* 52 Cal.2d 467, 496 [341 P.2d 679]; *People* v. *Monk, supra,* at p. 300 [15]; *People* v. *Knowles,* 35 Cal.2d 175, 189 [13b] [217 P.2d 1]; *In re Dowding,* 188 Cal.App.2d 418, 423 [6-7] [10 Cal.Rptr. 392].) The case of *People* v. *O'Farrell,* 161 Cal.App.2d 13 [325 P.2d 1002] (cited by respondent), unlike the case at bar, involved a burglarious entrance for the purpose of theft. The unexpected events occurring after the entrance resulted in kidnapping and other crimes which were not a part of the original intent. Each new and different purpose occurred when the defendants unexpectedly and at separate times discovered five different employees under different circumstances. Each discovery led to separate dealings with each person by defendants and none of the acts done was a part of the original plan, each being separate and divisible from the others.

■ It is clear from an examination of the facts that in the case at bar the kidnapping was a mere incident of the original plan for robbery and was not divisible therefrom. Therefore, counts 1 and 2, kidnapping for the purpose of robbery, being the most serious of the two offenses, will be the only ones for which defendant may be punished.

### Concurrent Sentences

■ Appellant further contends that since the punishment on the sentences under counts 1 and 2 (kidnapping for purposes of robbery) is for straight life imprisonment, all other sentences must, under the mandate of Penal Code section 669, whether prior or subsequent, run concurrently with the life sentence under counts 1 and 2. With this we agree. Said section 209, under the circumstances here present, unequivocally provides for a straight life sentence. Likewise, it is clear under Penal Code section 669 that all sentences for other crimes must run concurrently with a life sentence. (*People* v. *Pearson,* 150 Cal.App.2d 811, 821-822 [17] [311 P.2d 142]; *In re Rye,* 152 Cal.App.2d 594 [313 P.2d 914].)

The judgments on counts 3 and 4 are reversed.

That portion of the order which provides, ". . . and in respect to any prior incompleted sentence(s) as follows: consecutive with respect to other offenses of which he has been convicted in other priors," is modified to read as follows:

". . . and in respect to any prior incompleted sentence(s) as follows: *concurrent* with respect to other offenses of which he has been convicted in other priors."

As modified, the judgments on counts 1 and 2 are affirmed.

Griffin, P. J., and Coughlin, J., concurred.