[Crim. No. 3431.    Third Dist.    Oct. 8, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DAVID WAYNE MISTRETTA et al., Defendants and Appellants.

Peter Fetros, under appointment by the District Court of Appeal, for Defendants and Appellants.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Edward A. Hinz, Jr., Deputy Attorney General, for Plaintiff and Respondent.

SCHOTTKY, J.—David Wayne Mistretta and Jerry Albert Mitzlaff were each indicted for kidnaping for the purpose of robbery (Pen. Code, § 209), robbery (Pen. Code, § 211), forcible rape (Pen. Code, § 261), and aiding and abetting in forcible rape. They each entered a plea of guilty to simple kidnaping (Pen. Code, § 207), forcible rape, and robbery in the second degree. The trial judge ordered the sentences on the robbery convictions to run consecutively with the sentences on the kidnaping convictions and ordered that the forcible rape sentences run consecutively with the term of imprisonment on the other two counts.

Each defendant has appealed. Each contends that the trial judge erred in ordering sentence imposed on all three counts. Each defendant asserts that the sentences imposed are contrary to the mandate of section 654 of the Penal Code prohibiting double punishment. This section reads in part:

"An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

In *Neal* v. *State of California*, 55 Cal.2d 11, 18 et seq. [9 Cal.Rptr. 607, 357 P.2d 839], the Supreme Court held that the statute precluding double punishment applies also where there is a course of conduct which is part of an indivisible transaction which violates more than one statute. Whether a course of conduct is divisible depends on the intent and objective of the defendant. If all of the offenses are incident to one objective, punishment may be imposed for any one but not for more than one. (See also *Seiterle* v. *Superior Court*, 57 Cal.2d 397, 400 [20 Cal.Rptr. 1, 369 P.2d 697]; *People* v. *McFarland*, 58 Cal.2d 748, 761 [26 Cal.Rptr. 473, 376 P.2d 449].)

It should first be pointed out that though the defendants entered a plea of guilty they attempted to reserve the question whether the individual acts were part of an indivisible transaction. Therefore, the matter is properly under consideration of this court. (*People* v. *Rosenberg*, 212 Cal. App.2d 773, 776 [28 Cal.Rptr. 214].)

■ The only evidence definitely before the trial court was the probation report. The transcript of the grand jury is included in the record presented to this court. The testimony of the victim as disclosed by the grand jury transcript, which is the only testimony concerning the events, discloses the following: L. K., the victim, a young woman, on the evening of October 19, 1962, entered her parents' 1958 Buick convertible which was parked in the parking area adjacent to Weinstock-Lubin's department store in Country Club Plaza. Both car doors were opened as she was inserting the key into the ignition switch, and the defendants forced their way into the car. Mitzlaff, who entered from the left, was armed. L. K. struggled and Mistretta pulled her down and forced her head into his lap. They then drove off. L. K. asked them what they were going to do, and Mistretta said, ''Everything is going to be all right. We are just going to take the car.'' After the car was stopped, she commenced struggling again and both men hit her. The car was then driven to the Sacramento State College campus, where she was forced into the rear seat of the vehicle. Mitzlaff said to her: ''[Y]ou know what we are going to do, don't you?'' She replied: ''No, I don't. You said you were going to take the car.'' Mitzlaff then got into the back seat, partially disrobed her, and had intercourse with her against her will. She was then placed in the front seat and the car was driven to a spot off Fair Oaks Boulevard where Mistretta forcibly raped her. During this series of events Mitzlaff rifled her purse, and when it was returned to her over $20 was missing. The men drove the car down Fair Oaks Boulevard to Greenback Lane where they parked the car. They took the car keys, left her, and warned her not to tell what had happened.

Appellants contend that the sentences for kidnaping and robbery should be reversed; that only the sentence for forcible rape is proper. They contend that the ''object was all of the acts which the appellants did to the victim.''

We are unable to agree with this contention because we believe that the court's determination that the kidnaping, robbery and rape for which each appellant was sentenced were separate and divisible, i.e., not pursuant to a single objective, is supported by the record.

The record shows that shortly after the appellants forced their way into the victim's automobile she asked them what they were doing. Appellant Mistretta replied, ''Everything is going to be all right. We are just going to take the car.''

Appellants drove around for a while, first stopping at some point unknown to the victim. At this stopping point they struck the victim with a thermos bottle several times. Appellants then drove the victim to the Sacramento State College campus, and appellant Mitzlaff forcibly raped the victim at this second stopping point. Appellants robbed the victim before leaving the Sacramento State College campus. They then drove to a street off Fair Oaks Boulevard and parked. At this point appellant Mistretta forcibly raped the victim. After the second forcible rape, appellants drove the victim around for a while and finally left the automobile and released the victim.

These facts are fairly susceptible of the construction that the objectives of the appellants changed from time to time.

The record demonstrates, and the trial court could find, that as originally conceived the purpose of the kidnaping, as recited by appellant Mistretta, was to take the automobile. It is clear that the victim was only beaten at the first stop. The court could certainly conclude that originally the kidnaping was not for purposes of either of the two forcible rapes or the robbery, otherwise the crimes would have been committed at the first stop.

Since the evidence discloses that appellant Mistretta stated the purpose of the kidnaping was to take only the automobile; that three stopping points were made; that neither of the two forcible rapes nor the robbery occurred at the first stopping point; that only one forcible rape and the robbery occurred at the second stopping point; that the second forcible rape did not occur until the third stopping point; that the kidnaping continued well past the termination of the two forcible rapes and the robbery, the court's determination that the intent of the appellants to twice forcibly rape the victim and rob her did not arise until after the victim had been kidnaped is supported by the record.

It is evident that the robbery and each forcible rape are separate and distinct crimes, requiring separate and distinct acts. The robbery and forcible rapes formed no part of each other.

Thus, the sentences of each appellant for the forcible rape and robbery do not involve double punishment.

The recent case of *People* v. *Fields,* 190 Cal.App.2d 515 [12 Cal.Rptr. 249], demonstrates that sentences for crimes identical to those presented in the instant case are sustainable against claims of double punishment.

In the *Fields* case the defendant and a confederate kidnaped the victim. Each forcibly raped the victim. Defendant then committed the robbery. The appellate court recognized that defendant at the outset might not have had the intent to rape the victim. This was supported by defendant's statement of purpose to the victim and by the fact that the seizure and asportation of the victim lasted for about one-half hour and was interrupted by a stop to buy some beer.

The facts in the instant case have more significance as to divisibility. First, the appellants told the victim that they were only going to take her automobile. Second, the appellants drove the victim around and stopped once before the trip to Sacramento State College campus where the victim was forcibly raped and robbed. The second forcible rape did not take place until the third stop. In short, the crimes were interrupted by unexplained changes of location, with the kidnaping continuing past the end of the forcible rapes and the robbery.

We are convinced that the court's conclusion that the crimes were divisible and were not part of an original single objective is supported by the record and that appellants were properly sentenced for each crime.

The judgments are affirmed.

Pierce, P. J., and Friedman, J., concurred.