[Crim. No. 4338.   First Dist., Div. Two.   Dec. 13, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. YELCIE BYNES et al., Defendants and Appellants.

Richard C. Lynch, Clinton W. White and Stanley P. Golde, under appointment by the District Court of Appeal, John D. Nunes, Public Defender, and R. Donald Chapman, Chief Assistant Public Defender, for Defendants and Appellants.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

SHOEMAKER, P. J.—Defendants Yelcie Bynes, John Henry Lambert, Sam Rose and Nathaniel Ballard, Jr., were jointly charged by indictment with the robbery of C. S. Jasiewicz, the robbery and kidnaping for the purpose of robbery of Doris Craig, and five separate counts of the forcible rape of Doris Craig. After a trial by jury, defendant Bynes was found guilty of the robbery of Jaskiewicz; the kidnaping of Craig in violation of Penal Code, section 207, a lesser offense included within the charge of kidnaping for the purpose of robbery; the robbery of Craig; and five counts of forcible rape. Defendants Lambert and Ballard were acquitted of the robbery of Craig, but were found guilty of the robbery of Jaskiewicz, the kidnaping of Craig in violation of Penal Code, section 207, and five counts of forcible rape. Defendant Rose was acquitted of both the robbery of Craig and one of the five counts of rape, but was found guilty of

the robbery of Jaskiewicz, the kidnaping of Craig in violation of Penal Code, section 207, and four counts of forcible rape. Each of the defendants was sentenced to state prison on the counts of which he was convicted, the sentences to run consecutively.

Defendants appeal from the judgment of conviction. Their contention is that the trial court violated the rule against double punishment (Pen. Code, § 654) in two regards: (1) each of the defendants was erroneously sentenced for both kidnaping and forcible rape, and (2) each of the defendants was erroneously sentenced for both the rape or rapes which he personally committed and the rapes committed by his codefendants.

The record presented to us, pursuant to stipulation by all the parties, consists solely of the reporter's transcript of the testimony of Doris Craig, the proceedings on sentence, and the instructions to the jury. The record shows that on the evening of December 12, 1961, a club of which Doris Craig was a member gave a Christmas party at the Whistle Stop restaurant in Jack London Square. After dinner, Mrs. Craig met Mr. Jaskiewicz, the restaurant manager, and began discussing with him the possibility of holding banquets at the Whistle Stop. Jaskiewicz proceeded to show her the facilities of the restaurant, including the parking area. As she followed him into the parking lot, she saw a man subsequently identified as the defendant Bynes suddenly bound through the air, strike Jaskiewicz, and throw him to the ground. At the same time, she felt an arm around her throat and a hand covering her face. A voice said, "Don't say a word or I will kill you. I have a knife." The man who held her, the defendant Rose, then pushed her toward the open rear door of a Cadillac sedan with two men sitting in the front seat.[1] Mrs. Craig identified the driver as the defendant Lambert, and the other occupant of the front seat as the defendant Ballard.

When Rose had shoved her almost to the car, he released her and got into the back seat. Bynes then grabbed her arms and pushed her into the car. Rose told her to be quiet and not to move, that he had a knife and would use it. Bynes then got into the back seat, closed the door, and said, "Let's go." The car immediately drove off rapidly.

While Bynes held Mrs. Craig down in the back seat, he

[1]Although the prosecutrix was unable to identify the defendant Rose, it is conceded by all four defendants that the man who originally seized Mrs. Craig was in fact Rose.

gave the driver directions as to where to go. Within a few minutes the car stopped in a dark, deserted area, and Bynes instructed Rose to get out of the car and keep watch. While Rose stood outside the car, Bynes, Ballard and Lambert each committed a forcible act of rape upon Mrs. Craig. Each man moved into the back seat to complete the act. When Lambert had finished and gone to the front seat, Bynes got out of the car to stand watch, and Rose got into the back seat and forcibly raped her. Rose then got out of the car, and Bynes got into the back seat. Immediately thereafter, Rose knocked on the car window and announced that he had seen two police cars in the vicinity. Bynes then said "Let's go," and the car drove off, leaving Rose behind.

After another brief ride, during which Bynes again held Mrs. Craig down in the seat, the car was stopped and Bynes raped her for the second time. Mrs. Craig then managed to open the car door and scream, but Bynes threw her back down on the seat and threatened to use his knife. When the car drove off, she again opened the car door and attempted to escape. Bynes pulled her back and informed his companions that they had better get rid of her. The car came to a stop shortly thereafter, and Bynes asked her whether she had any money. When she did not reply, he grabbed her evening bag and removed a five-dollar bill. He then returned the purse, pulled her out of the car, shoved her down the street, and warned her to tell no one about the incident.

Appellants contend that this evidence demonstrates a continuous course of conduct directed toward the single objective of raping Mrs. Craig. Under such circumstances, they assert that the kidnaping was merely incidental to the objective of rape and that the trial court, in sentencing appellants for both offenses, erroneously subjected them to double punishment.

Penal Code, section 654, provides in relevant part that "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one, ..." In *Neal* v. *State of California* (1960) 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839], the court held that a defendant could not lawfully be punished for both arson and attempted murder where the arson was merely incidental to the primary objective of murder. In so holding, the court pointed out that section 654 not only prohibited multiple punishment for a single act but also

for a course of conduct or transaction which was not divisible in nature. The court stated, "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (P. 19.) (To the same effect, see *People* v. *McFarland* (1962) 58 Cal.2d 748, 760 [26 Cal.Rptr. 473, 376 P.2d 449].)

In *Adams* v. *Heinze* (1962) 205 Cal.App.2d 53, 55 [22 Cal.Rptr. 814] ; *People* v. *Burks* (1962) 204 Cal.App.2d 494, 503 [22 Cal.Rptr. 414] ; and *People* v. *Velarde* (1962) 201 Cal.App.2d 231, 233-234 [19 Cal.Rptr. 832], it was held that a defendant could not be punished for both robbery and kidnaping for the purpose of robbery. Since the kidnaping was merely incidental to the robbery, the transaction was not a divisible one, and, under the rule of the *Neal* case, *supra,* the defendant could be sentenced only for the more serious of the two offenses. (On the other hand, *People* v. *Fields* (1961) 190 Cal.App.2d 515 [12 Cal.Rptr. 249], presents a case wherein the defendant's conduct was divisible, and the individual sentences were proper.)

The problem presented by this case is whether the kidnaping and rape of Mrs. Craig constituted a continuous course of conduct directed toward the single objective of rape or whether the transaction was a divisible one with the kidnaping having originally been undertaken for a purpose other than rape. Our conclusion from the evidence and in light of the verdict is that the kidnaping and rape constituted a continuous course of conduct for the sole accomplishment of the rape of Mrs. Craig. The jury's finding that all appellants were guilty of simple kidnaping rather than kidnaping for the purpose of robbery, and further, the acquitting of appellants Lambert, Ballard and Rose of the robbery of Mrs. Craig, fully support the premise that the jury concluded that the kidnaping was not undertaken for the purpose of robbery and that appellant Bynes' act of taking $5.00 from Mrs. Craig's purse was an afterthought unconnected with the original motive for the kidnaping. Once the motive of robbery is removed from consideration, the record contains no evidence that the kidnaping was directed toward any objective other than rape. In our opinion, the kidnaping, which consisted solely of brief movements to dark and secluded areas, was merely incidental to the objective of forcible rape. Under

such circumstances, appellants should not have been sentenced for both kidnaping and rape, but only for the more serious of the two offenses. Since rape is the offense subject to the greater punishment (Pen. Code, §§ 208, 264), it is accordingly necessary to reverse the judgment insofar as it relates to punishment for kidnaping. (*People* v. *McFarland, supra,* at pp. 762-763.)

Appellants' final argument is that each of them ought to have been sentenced only for the rape or rapes which he personally committed and not for the rapes committed by his companions. They urge that it constitutes multiple punishment to utilize his personal conduct as a basis for holding each appellant vicariously liable for the acts of the others. This contention is untenable.

The jury was properly instructed that it might find each of the appellants guilty of the criminal acts of the others if it found either that a criminal conspiracy existed, or that each of the appellants had aided and abetted the others. An examination of the record supports either theory. In *People* v. *Mummert* (1943) 57 Cal.App.2d 849, 855 [135 P.2d 665] (disapproved on other grounds in *People* v. *Collins* (1960) 54 Cal.2d 57, 59-60 [351 P.2d 320]), the court stated, "At the time of the rape by each of the men the other three stood near by and abetted the perpetrator by presenting a show of force and by keeping watch against intrusion. As each without resentment toward his acting confederate and without concern for the girl permitted the outrage, they exemplified a united and single purpose which would brook no interference. Each thus encouraged and aided his several companions and was therefore a principal in each of the crimes."

Here, the evidence was sufficient to support a finding that each appellant actively assisted, in precisely this manner, in the commission of each of the rapes of which he was vicariously found guilty. The evidence was also sufficient to support the inference that these acts were performed in furtherance of a preexisting conspiracy. Accordingly, we find no merit in appellants' contention that they were subjected to multiple punishment for an indivisible course of conduct directed toward one objective. To the contrary, each of the appellants appears to have been motivated from the outset by both the intent to commit forcible rape himself and the separate and distinct intent to aid and abet each of his companions in accomplishing the same end.

The offense of forcible rape and the offense of aiding

another in the commission of forcible rape are not necessarily or even normally associated with each other. ▮▮▮ We are satisfied that the course of conduct pursued by each appellant was a divisible one, consisting of separate offenses which were not incident to one objective within the rule of the *Neal* case, *supra*. The mere fact that these offenses all took place within a relatively short space of time does not, as appellants contend, render the entire transaction an indivisible one. In *People* v. *Slobodion* (1948) 31 Cal.2d 555 [191 P.2d 1], the defendant was held to have been properly convicted and sentenced for both lewd and lascivious conduct in violation of Penal Code, section 288, and sex perversion in violation of Penal Code, section 288a. The court, in so holding, pointed out that the two offenses were separate and independent of one another despite the fact that both were committed within a short period of time. In the present case, appellants have utterly failed to demonstrate that any one of the separate offenses committed by each of their number was merely preparatory or incidental to the commission of another offense. The record demonstrates that such was not the case and that each appellant committed a series of crimes which were independently motivated and designed to achieve separate objectives.

None of the appellants contend that a defendant who commits two or more separate acts of rape upon the same victim within a short period of time may not be convicted and sentenced for each offense. Appellant Bynes expressly concedes that his conduct of the evening in question was motivated by the "intent and objective of twice achieving sexual intercourse" with the prosecutrix and that he was properly sentenced for both these offenses. We fail to see any valid distinction between this situation and the related situation where a defendant personally commits one act of rape and aids and abets in the commission of one or more separate acts of rape.

The judgment as to each appellant is reversed insofar as it imposes a sentence for kidnaping in violation of Penal Code, section 207. In all other respects, the judgment is affirmed.

Agee, J., and Taylor, J., concurred.

The petition of appellant Lambert for a rehearing was denied January 2, 1964, and the petitions of all appellants for a hearing by the Supreme Court were denied February 5, 1964.