[Crim. No. 3392.   Third Dist.   June 3, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND CARRERAS, Defendant and Appellant.

Gordon H. Armstrong, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, Raymond M. Momboisse and Roger E. Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

SCHOTTKY, J.—Raymond Carreras was convicted by a jury of the crime of burglary in the second degree. He has appealed from the judgment entered and from the order of the court denying his motion for a new trial. The latter is now a nonappealable order and the purported appeal therefrom must be dismissed.

It appears from the record that the appellant, Raymond Carreras, was a casual acquaintance of Raymond Dale, the owner and operator of Miller and Dale Auto Repair which was located at 1733 "S" Street, Sacramento, California. On February 22, 1962, Raymond Dale allowed the appellant the use of his shop. On the same day the proprietor, Dale, closed his place of business, noting nothing unusual. The next morning when Dale arrived to reopen the business he found that the hasp which locked the sliding front door had been pried away from the doorjamb so the door could be opened. Also, the padlock was unsuccessfully forced, which had caused it to jam.

The proprietor entered the shop and immediately discovered that his red transmission jack was missing although the accessory arms were left behind. Subsequently, the proprietor discovered that a roughing hone, along with its unique container, a volume of the Motor Manual (21st ed.), and several miscellaneous items were also missing.

Shortly after the burglary the appellant, accompanied by a friend Jerry Sisk, unsuccessfully attempted to sell a red transmission jack and a hoist to various automobile shops located in Loomis, California. The appellant represented to them that he owned an auto shop and that he was liquidating his stock which included the jack and the hoist,

The police discovered the red transmission jack hidden in the backyard of Jerry Sisk's home and found the hone, its container, the Motor Manual (21st ed.), and a Ford heater valve concealed in the trunk of a car owned by the appellant's girl friend. The hone, its container and the jack were identified, positively, by their owner, Raymond Dale. The heater valve and the Motor Manual were identified as being the same type and in the same condition as those previously in his shop. The appellant had previously borrowed a hoist from Raymond Dale which he returned after the burglary.

In his extrajudicial statements following arrest the appellant denied any knowledge of the jack and ever seeing Jerry Sisk with any such jack.

Appellant was the only witness called by the defense. He denied the burglary; claimed that the Motor Manual was his and that the hone and the container had been loaned to him by Dale. He admitted that he had tried to help Jerry Sisk sell the transmission jack, but he claimed he and Sisk had possession of the jack prior to the burglary. He also claimed he was at his mother's home the night of the burglary.

Before discussing any of the contentions raised in appellant's brief, it should be pointed out that pursuant to his request this court appointed counsel to represent him on this appeal. Mr. Gordon Armstrong of the Sacramento Bar was appointed, and he has informed this court that after reviewing the record he determined that no meritorious grounds for appeal existed. Appellant then filed his own brief, and the points raised by him are considered.

The first contention is that the evidence is insufficient to sustain the judgment. There is no question but that Mr. Dale's evidence is sufficient to sustain the fact of unlawful entry and that articles were removed without his permission. The only possible question is whether the evidence is sufficient to implicate appellant as one of the burglars.

As stated in *People* v. *Citrino*, 46 Cal.2d 284, 288-289 [294 P.2d 32] : ". . . Possession alone of property stolen in a burglary is not of itself sufficient to sustain the possessor's conviction of that burglary. There must be corroborating evidence of acts, conduct, or declarations of the accused tending to show his guilt. (*People* v. *Boxer*, 137 Cal. 562, 563-564 [70 P. 671] ; *People* v. *Carroll*, 79 Cal.App.2d 146, 148 [179 P.2d 75].) When possession is shown, however, the corroborating evidence may be slight [citations], and the

failure to show that possession was honestly obtained is itself a strong circumstance tending to show the possessor's guilt of the burglary. . . ."

Here appellant admitted that he had possession of the hone and its container. His statement that it had been loaned to him by Dale was denied. Appellant also admitted that he had attempted to sell the transmission jack. His statements that he was the owner of a repair shop which he was liquidating conflicted with his testimony that the first time he saw the jack was when Jerry Sisk brought it to his house and asked him to help sell it. These statements also were contradicted by the testimony of Dale.

This evidence clearly shows false statements as to possession. Appellant's statement that he had attempted to sell the jack prior to the date of the burglary was demonstrably false. These false statements are sufficient to provide the necessary corroborating testimony. (*People v. Weems*, 197 Cal.App.2d 405 [17 Cal.Rptr. 50].)

Appellant also complains because counsel who represented him at the trial was not the counsel who was appointed at his arraignment. The record discloses that Kenneth Wells of the Sacramento Public Defender's office was appointed as counsel at the time of the arraignment. The record further discloses that Gordon Robinson, also of the Sacramento Public Defender's office, represented him at the trial. The record does not disclose that appellant made any objection to the substitution before the trial court.

We do not believe that appellant is entitled to claim prejudicial error since he made no objection at the trial. The public defender was appointed to defend him and he was defended at the trial by a deputy of that office. The record shows that he was vigorously and ably defended.

Appellant also complains because witnesses whom he contends would have furnished him with an alibi for the night of the burglary were not called. A defense counsel, of course, must exercise his own best judgment in the trial of a case. It may well be that counsel had a good reason for not calling the witnesses.

The record shows vigorous cross-examination by defense counsel. The handling of the defense will not be declared inadequate merely because of the failure to call certain witnesses. (*People v. Ricks*, 161 Cal.App.2d 674 [327 P.2d 209].)

Appellant also claims he was denied a speedy trial. The record shows the information was filed on May 18, 1962,

arraignment was on May 22, 1962, and the trial was commenced on June 18, 1962. The record does not show that any complaint was made in the trial court. There was no denial of a speedy trial (Pen. Code, §§ 1050, 1382), but if there were it was waived by failing to object.

Appellant also contends that error occurred because an indictment was not filed against him. It is proper to proceed by information. (*Hurtado* v. *State of California*, 110 U.S. 516 [4 S.Ct. 111, 292, 28 L.Ed. 232]; Cal.Const., art. I, § 8; *Kalloch* v. *Superior Court*, 56 Cal. 229.)

No other points raised require discussion.

We are satisfied that appellant received a fair and impartial trial; that he was adequately represented by counsel at the trial; that the evidence of his guilt was ample; and that no prejudicial error was committed.

The appeal from the order denying appellant's motion for a new trial is dismissed and the judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 28, 1963.