[Crim. No. 8544. Second Dist., Div. One. June 6, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. WILFORD WILLIE WRIGHT, Defendant and Appellant.

Sidney Fischgrund and Joseph J. Cogen for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assist-

ant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Appellant Wright and defendants Jackson and Malone were accused by information with kidnaping for the purpose of robbery (Pen. Code, § 209), robbery of one Bayliss (Pen. Code, § 211) and robbery of one Brody. A jury convicted Wright and Jackson of each offense charged; Malone was acquitted. As to Wright, the jury also found the robbery to be of the first degree and that he was armed as alleged in the information. All three accused were represented at the trial by separate counsel. The appeal is from the judgment and the order denying a new trial.

On November 16, 1961, the victim Brody was the owner of a West Temple Street liquor store in Los Angeles. Bayliss, the other victim, then 66 years old, lived nearby at 219 Occidental. In midafternoon of that day and shortly after Bayliss had purchased some cigarettes from Brody, three men entered the premises. One of them said: "This is a stick up!" The second of the trio (described as wearing a goatee) rifled the cash register of its contents, approximately $80. The third man, Jackson, had a scar or cut on the left side of his face; he was armed with a short-barreled gun with which he "jarred" Bayliss and said: "Let's get going, Dad." He then "drove" Bayliss to the back room. When Wright opened the door, Jackson said: "Don't put them out there. Stretch them out right here . . . in the hall." Both victims were then stretched out—Bayliss on top of Brody. Wright took Bayliss' wallet containing $17, kept the money and threw the wallet on the floor. All three of the accused then left.

Immediately following defendants' departure, a report of the robbery was given to the police (Officer Salcido) by the victims. Later that same day Officer Salcido's report reached Officer Burke who was directed to an address on Occidental; at that address he was referred to another address in the 1800 block on West Adams Street. In the company of Officer Cline and two other officers he proceeded to the West Adams address, arriving there at approximately 6:45 p.m. Cline looked through a rear window of the building and observed Jackson (a large scar on the left side of his face) seated on a couch. Wright was seated in a chair. Cline communicated his observations to the other officers who were stationed at the front door. Officer Burke then knocked on the front door, identified himself and demanded admittance. Defendant answered the

door about one minute later and was placed under arrest. The officers then entered the apartment and placed Wright and Jackson under arrest. According to Burke, the description of the three men fitted that contained in the robbery report.

A search was made of Jackson at the time of his arrest; as a result, two loose .22 caliber long rifle bullets and a box of 30 shells (same caliber bullet) were recovered from his right pants pocket. The officers also found a .22 caliber revolver, loaded with 8 shells, under a cushion of the couch where Jackson was seated.

The only defense presented by Wright was an alibi. He testified that he had never been in Brody's liquor store and that he was not in the company of the remaining defendants at the time of the robbery.

Six points on appeal are set forth in appellant's brief; however, the only contention argued at any length relates to certain inconsistencies and contradictions in the testimony of Bayliss which are said to be so numerous and serious as to render it incredible and therefore lacking in sufficient substantiality, upon any hypothesis whatever, to support the conclusions reached below. The foregoing contention we take up first.

Bayliss and Brody were the only other persons in the store at the time of the robbery. Since Brody was never able to identify any of the three men, Bayliss became the only identification witness; he identified all three accused in a police lineup the day after their arrest. The record discloses that Bayliss is exceedingly hard of hearing—not ''deaf'' as appellant states—and apparently an illiterate. His hearing handicap resulted in the repetition of questions and answers some of which were not responsive; his illiteracy, in the giving of answers that were ambiguous. Appellant has listed 24 specific instances of asserted inconsistencies or contradictions in Bayliss' testimony, concluding with the trial court's statement at one of the sessions that ''the testimony of Bayliss is very confused.'' However, in a 25-page appendix to the Attorney General's reply brief, each inconsistency or contradiction is discussed and explained by reference to testimony immediately following or other circumstances which, after a careful examination thereof, do not justify a departure from the recognized rule governing the instant point. For example, the above quoted statement of the trial judge must be qualified

by his observation (immediately following) that "unfortunately, we are handicapped by the further proposition that he (Bayliss) has an unfortunate serious defect in his hearing. I realize those things"; a motion by defendant Malone for an advisory verdict of acquittal was thereupon denied.

The "conflict of evidence" rule is no different where the conflict is in the testimony of a single witness (*People* v. *Robles*, 183 Cal.App.2d 212 [6 Cal.Rptr. 748]; *People* v. *Rankin*, 169 Cal.App.2d 150 [337 P.2d 182]; *People* v. *Bahara*, 159 Cal.App.2d 160 [323 P.2d 453]), and where the testimony relates to the defendant's identification. (*People* v. *Alexander*, 92 Cal.App.2d 230 [206 P.2d 657].) It is for the trier of fact to resolve such inconsistencies in the testimony. Indeed, as stated in the *Robles* case, "The conflict is all the more for the jury for being intestine. [Citations.]" (P. 214.) It is even less a matter for appellate interference when the trial court denies a motion for a new trial based on the claim of inconsistent testimony by a prosecution witness. (*People* v. *Ash*, 88 Cal.App.2d 819, 826 [199 P.2d 711].) The trial court specifically rejected the present claim in its denial of a new trial, stating in part: ". . . as you pointed out, there was this main witness, I concede he had difficulty in hearing. But, on the other hand, he was examined very properly and carefully by the defendants, by you, representing the other defendant, and Mr. Brill [former counsel for appellant] . . . and the case was thoroughly reviewed, well argued before the jury." Without further reference to the facts and the law, it must accordingly be concluded that the instant point is without merit.

The remaining points on appeal are presented without argument or citation of authority. First, it is stated that the trial court erred in failing to direct a verdict in Wright's favor. In view of our determination that the evidence of guilt was not insufficient as a matter of law, it is apparent that such instruction was properly refused. Where there is sufficient legal and competent evidence to support a verdict of guilty, the jury would be justified in declining to follow the advice of the court to acquit; and the court's refusal to give such advice, where there is such evidence, is therefore not error. (*People* v. *Suter*, 43 Cal.App.2d 444 [111 P.2d 23].) Furthermore, it appears that Wright's counsel withdrew the motion after a brief colloquy with the court.

It is next contended that a police officer was erroneously permitted to testify that the defendants fitted the de-

scription of the persons named in the robbery report, the grounds of the objection being that the question called for the conclusion of the witness. But the objection was made by counsel for another defendant (Malone), and it is recognized that one cannot take advantage on appeal of objections made by counsel for another defendant in the absence of some stipulation or understanding to that effect—and here there was none. (*People* v. *Duran*, 57 Cal.App.2d 363, 370 [134 P.2d 305].) ▪ Furthermore, there is authority for respondent's claim that the ruling was within the court's discretion since the officer's answer simply confirmed what had already been established by the victim Bayliss. (*People* v. *Pearson*, 111 Cal.App.2d 9, 27 [244 P.2d 35].)

▪ The above determination disposes of the next contention that the court erred in allowing the police officer to testify that at the time of the defendant's arrest he had made a mental comparison of the three men with the description he had received of the robbery. After the witness answered in the affirmative, counsel for defendant Malone objected and the court ruled that the matter was hearsay. Furthermore, there was no motion by any of defense counsel to strike out the answer, and the point is therefore not reviewable by this court.

▪ There is no merit to the claim the court should have dismissed the action because of wrongful search and seizure without a search warrant. The law permits a peace officer to arrest a person without a warrant when a felony has in fact been committed and the officer has reasonable cause for believing the person arrested to have been the perpetrator. (Pen. Code, § 836, subd. 3.) The trial court correctly ruled that probable cause had been established by the testimony of Bayliss. The accused fitted Bayliss' description. The officers were admitted to the premises by one of the three defendants. (*People* v. *Michael*, 45 Cal.2d 751 [290 P.2d 852].) ▪ All persons in the room were arrested and the search, which was incidental to the arrest, was lawful. (*People* v. *Cisneros*, 166 Cal.App.2d 100 [332 P.2d 376].)

▪ Finally, it is contended that the trial court erroneously admitted the police report as a business record. ▪ As mentioned earlier, there is only the bare assertion of this and other specifications of error and again we must observe that "It is the duty of counsel by argument and citation of authority to show in what manner rulings complained of are

erroneous'' (*Greenstone* v. *Claretian Theological Seminary,* 173 Cal.App.2d 21, 35 [343 P.2d 161]) ; where there is a failure to do so, the point must be deemed abandoned. ▮ Although not obliged to perform the task resting on appellant's counsel, the Attorney General has furnished (by appropriate transcript references) the trial background of the instant claim. Therefrom it appears that the report in question was never received in evidence, no possible prejudice is manifest and any discussion of pertinent rules in the light of the record would be simply academic.

For the foregoing reasons the judgment is affirmed; the attempted appeal from the order denying a new trial is dismissed.

Wood, P. J., and Fourt, J., concurred.