[Crim. No. 10409. In Bank. Jan. 31, 1967.]

In re WILFORD WRIGHT et al., on Habeas Corpus.

Wilford Wright and Irving Jackson, in pro. per., and Arthur D. Dempsey, under appointment by the Supreme Court, for Petitioners.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Gloria F. DeHart and Derald E. Granberg, Deputy Attorneys General, for Respondents.

TRAYNOR, C. J.—Petitioners were convicted of kidnaping Linn Bayliss for the purpose of robbery, first degree robbery of Bayliss, and first degree robbery of Joseph Brody. The superior court imposed concurrent sentences. Petitioner Wright appealed, and the judgment against him was affirmed. (*People* v. *Wright* (1963) 216 Cal.App.2d 866 [31 Cal.Rptr. 432].)

■ Petitioners seek a writ of habeas corpus on the ground that the convictions rest upon evidence obtained by an illegal search and seizure incident to an unlawful arrest. The writ is not available to attack a final judgment on this ground. (*In re Lessard* (1965) 62 Cal.2d 497, 503 [42 Cal.Rptr. 583, 399 P.2d 39]; *In re Sterling* (1965) 63 Cal.2d 486, 487 [47 Cal.Rptr. 205, 407 P.2d 5].)

The opinion on Wright's appeal (216 Cal.App.2d 866) reveals, however, that the kidnaping of Bayliss was part of an indivisible course of conduct directed to the objective of robbing him. The Attorney General concedes that under Penal Code section 654[1] petitioners cannot be punished for both the kidnaping and the robbery of Bayliss (*In re Ward* (1966) 64 Cal.2d 672, 677 [51 Cal.Rptr. 272, 414 P.2d 400]; *In re Ponce* (1966) *ante*, pp. 341, 342-343 [54 Cal.Rptr. 752, 420 P.2d 224]) but contends that the concurrent sentences for those offenses do not inflict double punishment forbidden by section 654. In support of this contention the Attorney General invokes *People* v. *Kynette* (1940) 15 Cal.2d 731, 762 [104 P.2d 794], in which this court, in answer to the contention that consecutive sentences based on one act violated section 654, modified the judgment to make the sentences concurrent.

■ The rule that concurrent sentences for crimes based on one act or indivisible transaction do not constitute multiple punishment (*People* v. *Kynette, supra,* 15 Cal.2d at p. 762; *People* v. *Sigel* (1942) 55 Cal.App.2d 279, 285 [130 P.2d 763]) has been rejected by many decisions, commencing as early as *People* v. *Craig* (1941) 17 Cal.2d 453, 458 [110 P.2d 403], that modify judgments or reverse them in part to remove the effect of such concurrent sentences. (*People* v. *Knowles* (1950) 35 Cal.2d 175, 189 [217 P.2d 1]; *People* v. *Logan* (1953) 41 Cal.2d 279, 290 [260 P.2d 20]; other such

---

[1]Penal Code, section 654: ''An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one.''

decisions are cited later herein and in Deering's and West's Annotations to Penal Code section 654.) *People* v. *Quinn* (1964) 61 Cal.2d 551, 555 [39 Cal.Rptr. 393, 393 P.2d 705], explicitly declares that such sentences constitute double punishment. Any effect of *Kynette* and *Sigel* as authority to the contrary must therefore be deemed to have been dissipated. (See *People* v. *Niles* (1964) 227 Cal.App.2d 749, 756 [39 Cal.Rptr. 11].)

Many cases have held that correction of judgments imposing concurrent sentences in violation of section 654 was necessary to preclude the possibility that the multiple sentences would work a disadvantage to the defendant when the Adult Authority considered the fixing of his term and parole date. (E.g., *People* v. *Craig, supra,* 17 Cal.2d 453, 458; *People* v. *Kehoe* (1949) 33 Cal.2d 711, 716 [204 P.2d 321]; *People* v. *Nor Woods* (1951) 37 Cal.2d 584, 586 [233 P.2d 897]; *People* v. *Brown* (1958) 49 Cal.2d 577, 593 [320 P.2d 5]; *In re Ponce, supra, ante,* pp. 341, 342-343; In re Henry (1966) *ante,* pp. 330, 331-332 [54 Cal.Rptr. 633, 420 P.2d 97]; *People* v. *Branch* (1953) 119 Cal.App.2d 490, 496 [260 P.2d 27]; *People* v. *Hawkins* (1961) 196 Cal.App.2d 832, 839 [17 Cal.Rptr. 66]; *Adams* v. *Heinze* (1962) 205 Cal.App. 2d 53, 55 [22 Cal.Rptr. 814].) The Attorney General contends that this concern with possible prejudice is unnecessary in a case such as the one before us because of the Adult Authority's policy of basing terms and parole dates not on the number of concurrent sentences the prisoner is serving but on the total circumstances of the offense and the offender, including the possibility of his rehabilitation. (See Comments of Mr. Fred R. Dickson, Chairman, Adult Authority, First Sentencing Institute for Superior Court Judges (1965) 45 Cal.Rptr. Appendix 99, 101-102, 114-115; *People* v. *Denne* (1956) 141 Cal.App.2d 499, 507 [297 P.2d 451]; *People* v. *Logan* (1966) 244 Cal.App.2d 795, 798 [53 Cal.Rptr. 549].) The argument that violation of the proscription against double punishment may not prejudice a defendant in a particular case, however, is not a convincing ground for overruling scores of cases holding that the dual sentences should not be allowed to stand.

 Section 654 forbids multiple punishment by imposition of the proscribed multiple sentences, but not multiple convictions. (*People* v. *Tideman* (1962) 57 Cal.2d 574, 586 [21 Cal.Rptr. 207, 370 P.2d 1007]; *People* v. *McFarland* (1962) 58 Cal.2d 748, 762 [26 Cal.Rptr. 473, 376 P.2d 449].) Whether

the erroneously sentenced defendant actually suffers excessive punishment cannot be the factor that determines whether the section is applicable. In some situations concurrent sentences violating section 654 would result in detrimental operation of other statutes that govern punishment.[2] In other situations, particularly misdemeanor convictions, section 654 is applied although considerations of possible disadvantage to the defendant from the operation of erroneous concurrent sentences cannot be predicted. (See *People* v. *Vargas* (1960) 179 Cal.App.2d Supp. 863 [3 Cal.Rptr. 925]; *People* v. *Williams* (1962) 207 Cal.App.2d Supp. 912, 919 [24 Cal.Rptr. 922].) Only in cases of improper multiple sentences for felonies that include a valid sentence of death can it be said that no useful purpose would be served by modifying the judgment. (*People* v. *Chessman* (1951) 38 Cal.2d 166, 193 [238 P.2d 1001]; *People* v. *Smith* (1950) 36 Cal.2d 444, 448 [224 P.2d 719]; *People* v. *Wein* (1958) 50 Cal.2d 383, 409 [326 P.2d 457]; *People* v. *Langdon* (1959) 52 Cal.2d 425, 435 [341 P.2d 303]; *People* v. *Chessman* (1959) 52 Cal.2d 467, 496 [341 P.2d 679].)

▉ The cases cited in the margin,[3] however, suggest or hold that concurrent sentences violating section 654 can be

[2]For example, erroneous concurrent sentences for first degree robbery, with a minimum term of five years and a maximum of life (Pen. Code, §§ 213, 671), and for burglary with explosives, with a minimum term of 10 years and a maximum of 40 years (Pen. Code, § 464), would prejudice defendant by requiring him to serve the longer minimum term for the burglary and also permitting the Authority to exact service of the longer maximum term for the robbery.

Under the habitual criminal statute (Pen. Code, § 644) defendant would be prejudiced by erroneous concurrent sentences for an offense subject to a lesser penalty but available to support a determination of habitual criminality (e.g., grand theft, with a maximum of 10 years [Pen. Code, § 489]) and an offense subject to a greater penalty but not listed in the habitual criminal statute (e.g., issuing a check without sufficient funds, with a maximum term of 14 years [Pen. Code, § 476a]).

Erroneous concurrent sentences for petty theft, with a maximum term of six months in jail (Pen. Code, § 490), and issuing a check not exceeding $100 without sufficient funds, with a maximum term of one year in jail (Pen. Code, § 476a), would be detrimental to a defendant who suffered a subsequent conviction because he would be subject to the increased minimum punishments provided by Penal Code section 666 for one who has been previously convicted of petty theft and ''served a term therefor in any penal institution.''

[3]*People* v. *Anderson* (1925) 75 Cal.App. 365, 371 [242 P. 906]; *People* v. *Pearson* (1940) 41 Cal.App.2d 614, 618 [107 P.2d 463]; *People* v. *Dallas* (1941) 42 Cal.App.2d 596, 604 [109 P.2d 409]; *People* v. *Benenato* (1946) 77 Cal.App.2d 350, 367 [175 P.2d 296]; *People* v. *McWilliams* (1948) 87 Cal.App.2d 550, 552 [197 P.2d 216]; *People* v. *Thompson* (1955) 133 Cal.App.2d 4, 10 [284 P.2d 39].

To the same effect were *People* v. *Bean* (1948) 88 Cal.App.2d 34, 41

upheld as working no prejudice. Those suggestions and holdings are disapproved as inconsistent with our decisions that multiple sentences forbidden by section 654, whether consecutive or concurrent, impose excessive punishment beyond the power of the sentencing court and can be corrected on habeas corpus. (*Neal* v. *State of California* (1960) 55 Cal.2d 11, 16-17 [9 Cal.Rptr. 607, 357 P.2d 839]; *In re Cruz* (1966) 64 Cal.2d 178, 181 [49 Cal.Rptr. 289, 410 P.2d 825]; *In re Ward, supra*, 64 Cal.2d 672; *In re Romano* (1966) 64 Cal.2d 826 [51 Cal.Rptr. 910, 415 P.2d 798]; *In re Ponce, supra, ante*, p. 341; *In re Henry, supra, ante*, p. 330.)

The Attorney General further states that our decisions are in conflict as to the proper procedure to be followed by appellate courts to correct multiple sentences violative of section 654. He urges that if we refuse to uphold the sentences here on either ground advanced by him (that concurrent sentences do not inflict double punishment or that they are not prejudicial) then we should suspend execution of one sentence by a procedure similar to that of the sentencing court approved in *People* v. *Niles, supra*, 227 Cal.App.2d 749, 755-756.[4]

[198 P.2d 379] (disapproved in *People* v. *Kehoe, supra*, 33 Cal.2d 711, 715), and *People* v. *Sharp* (1922) 58 Cal.App. 637, 639 [209 P. 266] (disapproved in *People* v. *McFarland, supra*, 58 Cal.2d 748, 762).

[4]Defendant in the *Niles* case was convicted of burglary and of a felonious assault committed as an incident to his sole objective of burglary. The trial judge sentenced him on both counts but stayed execution on the assault count pending any appeal and during service of any term fixed by the Adult Authority on the burglary count, the stay to become permanent at the completion of service of any sentence for the burglary. This procedure was upheld by the appellate court. (Accord, *People* v. *Rosenfield* (1966) 243 Cal.App.2d 60, 62 [52 Cal.Rptr. 101]; *People* v. *Johnson* (1966) 242 Cal.App.2d 870, 877 [52 Cal.Rptr. 33]; *People* v. *Jenkins* (1965) 231 Cal.App.2d 928, 934-935[42 Cal.Rptr. 373].) *People* v. *Hernandez* (1966) 242 Cal.App.2d 351, 358-359, 361-362 [51 Cal. Rptr. 385], questioned the propriety of the procedure in *Niles* on the ground that the express legislative recognition of the trial court's power to stay execution in certain situations justifies the inference that the Legislature meant to limit that power to those situations. (*In re Collins* (1908) 8 Cal.App. 367, 369 [97 P. 188].) The *Hernandez* opinion (242 Cal.App.2d at pp. 358-359, fn. 1) suggests that the trial court can stay execution of sentence in only two situations, i.e., when probation is granted (Pen. Code, §§ 1203.1, 1203a) and when an appeal is taken (Pen. Code, §§ 1243, 1467). Suspension of execution of sentence is also authorized by statute, however, in the special statutory proceedings for those convicted of crime who may be mentally disordered sex offenders. (Welf. & Inst. Code, §§ 5500.5, 5501, subd. (a).)

It is true that a number of California cases declare that "A court has no power to suspend a sentence except as an incident to granting probation." (*Oster* v. *Municipal Court* (1955) 45 Cal.2d 134, 139 [287 P.2d 755]; *People* v. *Victor* (1965) 62 Cal.2d 280, 287 [42 Cal.Rptr. 199, 398 P.2d 391]; see also the other cases cited in the *Hernandez* opinion; Fricke, Cal. Criminal Procedure (6th ed. 1962) p. 509; 29 Cal.Jur.2d,

■ Since *People* v. *McFarland, supra,* 58 Cal.2d 748, 763, however, it has been settled that the appropriate procedure at the appellate level is to eliminate the effect of the judgment as to the less severely punishable offense insofar as penalty alone is concerned.[5]

■ Of the two sentences imposed on each petitioner for the one course of criminal conduct against Bayliss, that for the robbery should be eliminated because it is less severe than that for the kidnaping. The robbery of Brody, although committed in the course of the same criminal enterprise, was an offense against a person other than the victim of the kidnaping and therefore is a proper subject of a separate sentence. (*Neal* v. *State of California, supra,* 55 Cal.2d 11, 20; *People* v. *Ridley* (1965) 3 Cal.2d 671, 678 [47 Cal.Rptr. 796, 408 P.2d 124].)

Judgments, § 345.) Those cases, however, were concerned with suspension of sentence as an act of lenience. The essence of their reasoning is that since the Legislature has prescribed the method for exercise of such lenience in the probation statutes, the trial court cannot suspend sentence as an act of grace under some inherent or common law power (see *Ex parte Slattery* (1912) 163 Cal. 176 [124 P. 856]; *People* v. *O'Donnell* (1918) 37 Cal.App. 192, 197 [174 P. 102]; *In re Collins, supra,* 8 Cal. App. 367, 369; but see *People* v. *Patrich* (1897) 118 Cal. 332 [50 P. 425]) and that in a probation situation the court's order suspending its sentence must either be interpreted as a grant of probation, however informal, or if the suspension cannot be so interpreted (as where the court denies probation and nevertheless purports to suspend sentence) then the order of suspension is void and the sentence is valid. (*Oster* v. *Municipal Court, supra,* 45 Cal.2d 134, 139.)

Although the Legislature has not expressly provided for a stay of execution of sentence in the *Niles* situation, the power to proceed as the trial court did in that case is within the fair import of section 654. As the appellate court there explained (227 Cal.App.2d at p. 756) that procedure reasonably reconciles the policies involved in applying section 654 to protect the rights of both the state and the defendant.

[5]Accord: *People* v. *Jones* (1962) 211 Cal.App.2d 63, 74 [27 Cal.Rptr. 429]; *People* v. *Frye* (1963) 218 Cal.App.2d 799, 803 [32 Cal.Rptr. 699]; *People* v. *Bynes* (1963) 223 Cal.App.2d 268, 272, 274 [35 Cal.Rptr. 633]; *People* v. *Rainey* (1964) 224 Cal.App.2d 93, 102 [36 Cal.Rptr. 291]; *People* v. *Bailey* (1964) 227 Cal.App.2d 440, 442, 443 [38 Cal.Rptr. 718]; *People* v. *Morrison* (1964) 228 Cal.App.2d 707, 715 [39 Cal.Rptr. 874]; *People* v. *Gay* (1964) 230 Cal.App.2d 102, 105 [40 Cal.Rptr. 778]; *People* v. *Buice* (1964) 230 Cal.App.2d 324, 347 [40 Cal.Rptr. 877]; *People* v. *Alvarado* (1965) 231 Cal.App.2d 789, 795 [42 Cal.Rptr. 310]; *In re Keller* (1965) 232 Cal.App.2d 520, 523 [42 Cal.Rptr. 921]; *People* v. *Nelson* (1965) 233 Cal.App.2d 440, 446 [43 Cal.Rptr. 626]; *People* v. *Sipult* (1965) 234 Cal.App.2d 862, 870 [44 Cal.Rptr. 846]; *In re Allen* (1965) 239 Cal.App.2d 23, 25 [48 Cal.Rptr. 345]; *People* v. *Thomsen* (1965) 239 Cal.App.2d 84, 97, 98 [48 Cal.Rptr. 455]; *People* v. *Davis* (1966) 241 Cal.App.2d 51, 56 [50 Cal.Rptr. 215]; *People* v. *Brumley* (1966) 242 Cal.App.2d 124, 131 [51 Cal.Rptr. 131]; *People* v. *Helms* (1966) 242 Cal.App.2d 476, 487 [51 Cal.Rptr. 484]; *People* v. *Remme* (1966) 243 Cal.App.2d 618, 621 [52 Cal.Rptr. 665].

As to each petitioner the sentence for robbery of Bayliss is set aside. Petitioners are not entitled to release since they are held under other valid judgments of conviction. The order to show cause is therefore discharged and the petition for a writ of habeas corpus is denied.

McComb, J., Peters, J., Tobriner, J., Burke, J., Schauer, J.,* and Peek J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.