Irving JACKSON, Appellant,

v.

Louis S. NELSON, Warden, San Quentin Prison, Appellee.

No. 22402.

United States Court of Appeals
Ninth Circuit.

Dec. 12, 1968.

Rehearing Denied Jan. 8, 1969.

Chambers, Circuit Judge, dissented.

Irving Jackson, in pro. per.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg, Michael J. Kelly, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS, JERTBERG and ELY, Circuit Judges.

PER CURIAM:

Appellant appeals from the order of the United States District Court for the Northern District of California denying his petition for a writ of habeas corpus. Appellant prosecutes this appeal in propria persona. The district court issued a certificate of probable cause and permitted appellant to appeal in forma pauperis.

Appellant is presently in State custody following his conviction, by a jury, of violating Sec. 209 of the Penal Code of the State of California [kidnapping for the purpose of robbery], and two violations of Sec. 211 of the Penal Code of the State of California [robbery of two different persons].

Appellant, together with one Wright and one Malone, was tried in the Superior Court of the State of California in and for the County of Los Angeles, and each of the three was represented by separate counsel. No appeal was taken by appellant from the judgment of conviction. Co-defendant Wright appealed from the judgment of conviction imposed upon him, and his conviction was affirmed by the California Court of Appeals for the Second Appellate District. People v. Wright, 216 Cal.App.2d 866, 31 Cal.Rptr. 432 (1963).

In his petition, appellant alleges that petitions for habeas corpus relief were denied by the Superior Court of the State of California in and for the County of Marin, and the California Court of Appeal, First Appellate District. It appears from the record that appellant filed a petition for writ of habeas corpus jointly with his co-defendant Wright in the Supreme Court of California, on the ground that appellant's conviction rests on evidence obtained by an illegal search and seizure incident to an unlawful arrest, in violation of the Fourth Amendment to the Constitution of the United States. The petition was denied by written opinion. In re Wright, et al., on habeas corpus, 65 Cal.2d 650, 56 Cal.Rptr. 110, 422 P.2d 998 (1967). The Supreme Court stated, at page 652, 56 Cal.Rptr. at page 111, 422 P.2d at page 999:

"Petitioners seek a writ of habeas corpus on the ground that the convictions rest upon evidence obtained by an illegal search and seizure incident to an unlawful arrest. The writ is not available to attack a final judgment on this ground. (In re Lessard (1965) 62 Cal.2d 497, 503, 42 Cal.Rptr. 583, 399 P.2d 39; In re Sterling (1965) 63 Cal.2d 486, 487, 47 Cal.Rptr. 205, 407 P.2d 5.)"

In his petition for writ of habeas corpus filed in the district court, petitioner contends that he was convicted in violation of the rights guaranteed to him by the Fourth Amendment to the Constitution of the United States because evidence was used against him at the trial that was the product of an unlawful search and seizure. Specifically, he contends that the search and seizure was incident to an arrest which was unlawful because the arresting officers had insufficient information on which to base the probable cause needed for an arrest without a warrant.

In the written order denying appellant's petition for the writ, the district court states:

"*Regarding the circumstances of the arrest, the trial court record of the testimony of the arresting officers is not before the Court.* Petitioner offers

only a few details on this subject, but he refers several times to the fact that police made mental comparisons of a description, previously given them, with petitioner while peeking through a window of his home. Some additional information can be gathered from the opinion of the District Court of Appeal of California on the appeal by one of the defendants in the joint trial referred to above, Wilford Willie Wright, in People v. Wright, 216 C.A. 2d 866, 31 Cal.Rptr. 436 [432] (1963)." (Emphasis ours.)

The written order describes the events preceding the arrest of appellant by summarizing such events as set forth in the opinion in People v. Wright, supra, and such written order then continues:

"In view of the fact that the above details of the arrest not only do not contradict, but in fact dovetail the information given in petitioner's allegations, and in view of the fact that the details were recited preceding a decision on the same question presented here,[1] this Court feels that it is proper

1. The Court of Appeal decided this question against appellant Wright and in favor of the State. People v. Wright, supra."

to base its decision on these details and to decide the matter without further hearing.

In People v. Wright, supra, the Court states at page 869, 31 Cal.Rptr. at page 434:

"The only defense presented by Wright was an alibi. He testified that he had never been in Brody's liquor store and that he was not in the company of the remaining defendants at the time of the robbery."

We have examined the only brief filed by counsel for Wright in the District Court of Appeal. The only reference to the claimed violation of the Fourth Amendment, in respect to Wright, appears in the specifications of error. This reference is as follows:

"The Court [Trial Court] erred in not dismissing the action because of the wrongful search and seizure without a search warrant."

We find no further reference to such contention in such brief. Since the only defense presented by Wright was an alibi, it is likely that Wright's counsel considered the constitutional question, now urged before us by appellant, to be of no significance on Wright's appeal. At page 869, 31 Cal.Rptr. at page 434, in People v. Wright, supra, it is stated:

"Six points on appeal are set forth in appellant's brief; however, the only contention argued at any length relates to certain inconsistencies and contradictions in the testimony of Bayliss which are said to be so numerous and serious as to render it incredible and therefore lacking in sufficient substantiality, upon any hypothesis whatever, to support the conclusions reached below."

It is our view that the district court erred in not having before it, for consideration, a copy of the reporter's transcript of appellant's trial before making its finding of fact that:

"the officers were arresting a man who had a scar fitting the description given by the victims and the fact that they found him at a house not chosen at random were a sufficient basis for the police to believe reasonably that petitioner had committed the robbery they were investigating, and were, therefore, a sufficient basis for a proper arrest under the Fourth Amendment requirements. Ker v. California, 374 U.S. 23 [83 S.Ct. 1623, 10 L.Ed.2d 726] (1963) ; Beck v. Ohio, supra [379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)] ; and Evalt v. United States, 359 F.2d 534 (9th Cir. 1966)."

In our view of the circumstances disclosed by the record, we believe that the rationale set forth in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and Fay v. Noia, 372 U.S. 391,

83 S.Ct. 822, 9 L.Ed.2d 837 (1963)[1] compel us to vacate the order entered by the district court and to remand the cause to the district court for further consideration after securing from appellee a reporter's transcript of the trial of appellant in the State Court, and for such other and further proceedings as to the district court may appear to be required.

CHAMBERS, Circuit Judge (dissenting):

I dissent.

I think the district court had enough before it to meet the standards of inquiry required by Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745.

Coleman, Circuit Judge, dissented.

---

1. See also 28 U.S.C.A. Sec. 2254, as amended Nov. 2, 1966, Pub.L. 89–711, § 2; 80 Stat. 1105.