[Crim. No. 33952. Second Dist., Div. Four. Aug. 29, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN F. THOMAS, Defendant and Appellant.

508

## COUNSEL

Robert M. Nadel, under appointment by the Court of Appeal, Quin Denvir, State Public Defender, Russell I. Lynn and Laurance S. Smith, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Roger W. Boren and Robert R. Anderson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

KINGSLEY, Acting P. J.—Defendant was charged with (count I) rape with force and violence, in violation of subdivision 1 of section 261 of the Penal Code; (count II) rape on an unconscious victim, in violation of subdivision 4 of section 261; (count III) burglary, in violation of section 459 of the Penal Code; (count IV) robbery, in violation of section 211 of the Penal Code, and (count V) mayhem, in violation of section 203 of the Penal Code. Infliction of great bodily injury was alleged in connection with counts I, II, III and IV. After a trial by jury, he was found not guilty on counts I and IV but guilty on counts II, III and V; the allegations of great bodily injury were found true. Defendant was sentenced to state prison, the sentence on counts III and V being stayed under the *Niles* formula.[1] He has appealed; we affirm.

On this appeal, defendant contends: (1) that the evidence was insufficient to sustain the verdicts; (2) that he was denied the effective

___

[1] *People* v. *Niles* (1964) 227 Cal.App.2d 749 [39 Cal.Rptr. 11]; see *In re Wright* (1967) 65 Cal.2d 650, 655, footnote 4 [56 Cal.Rptr. 110, 422 P.2d 998]. On count II, the trial court imposed the upper term of five years, enhanced, under section 12022.7, by three years for the great bodily injury. The stayed sentences on counts II and V, made to run concurrently, were stated to be for four years each, unenhanced. The result was a sentence for 8 years, with 202 days presentence credit. No contention is here made as to the propriety of the sentence as such.

assistance of counsel; (3) that the trial court erred in not striking the conviction on count V (the mayhem count); and (4) that the findings of great bodily injury were not supported by the evidence. We reject all four contentions.

## I

The evidence against defendant was admittedly weak, being based on circumstantial evidence. The People's evidence showed that defendant had been seen at about 9:30 p.m., shortly before the attack on the victim, walking in the vicinity of the crime; that the victim had been attacked at about 10 p.m. by someone who had entered her home; that the victim, because of darkness could not see or identify her attacker; that she fainted and awoke finding that she had been raped, badly bruised and with a broken ankle. Evidence of a vaginal examination of the victim showed sperm with a blood type of defendant, but that blood type is common. A sweater, found in defendant's car, had on it a leaf common to plants both in the victim's yard and in that of defendant. No fingerprints were found.

The attack on the sufficiency of the evidence relies on the weakness of the evidence: that the opportunity of the witness who claimed to have seen the defendant in the vicinity was unreliable because of distance and poor light; that defendant had an unrebutted alibi for the times in question; and that the People had improperly relied on an untrue explanatory statement of defendant to show consciousness of guilt.

The first two arguments go merely to the credibility of witnesses. We cannot say that, on the whole record, the jury was not entitled to draw an inference of guilt.

It has long been held that an intentional false explanation can give rise to an inference that defendant has lied out of consciousness of his guilt. We recently had the occasion to examine that doctrine in *People v. Morgan* (1978) 87 Cal.App.3d 59 [150 Cal.Rptr. 710]. We there held that that doctrine can be relied on only where the alleged falsity appears from the testimony or other statements of the defendant himself. Here we have two items of alleged falsity. In one a witness testified to seeing defendant's car (identified by license number) parked at the time and vicinity of the crime; defendant denied having been in the vicinity or

having parked his car where the witness placed it. Under *Morgan,* that conflict does not invoke the doctrine. However, another conflict does permit the invocation of the doctrine. When first interviewed,[2] defendant denied the crime, claiming to have been in night school at all pertinent times; at trial he relied on a different alibi, claiming that he was visiting friends at the times involved. Defendant explained the conflict by claiming that he had "forgotten" which night he had attended school. The conflict thus appearing came from defendant himself; the jury was entitled to disbelieve the explanation and to conclude that one of the two versions was deliberately false and to draw the inference of guilt from that falsity.

## II

■ The trial was attended by a group of women. Trial counsel claimed that, during a recess, a member of that group, in an elevator also containing a woman juror, had made a remark to the effect that there was too much rape and something should be done to punish rapists and that the juror had smiled when hearing that remark. It is now claimed that trial counsel was guilty of inadequate representation in not moving for a mistrial based on that episode. The contention is frivolous. A mere polite smile, without any other indication of either assent or dissent, was totally insufficient to show any juror misconduct or other cause for a mistrial.

## III

■ Relying on *People* v. *Caudillo* (1978) 21 Cal.3d 562 [146 Cal.Rptr. 859, 580 P.2d 274], defendant contends that the finding of great bodily injury in connection with counts II and III was erroneous.[3] The contention is without merit. The holding in *Caudillo* was that minor injuries of temporary nature *and inherent in the act of rape itself,* were not the kind of "great" bodily injury contemplated by the statute. Here, however, the victim suffered not only facial beatings but a broken ankle not completely healed by the time of trial six months later. That is the kind of injury that *Caudillo* permitted to be found as meeting the statutory requirement.

---

[2]Proper *Miranda* warnings had been given.

[3]The brief attacks only the finding on count III. However, the contention here made applies both to that finding and the finding on count II. We treat the attack as being against both findings.

## IV

■ A similar argument is made by defendant, in his contention that the record does not show mayhem. Section 203 of the Penal Code defines mayhem as follows: "Every person who unlawfully and maliciously deprives a human being of a member of his body, or *disables,* disfigures, or renders it useless, or cuts or *disables* the tongue, or puts out an eye, or slits the nose, ear, or lip, is guilty of mayhem." (Italics added.) Here, as we have pointed out above, the victim's ankle was disabled seriously and that disability continued for over six months. Assuming that some slight and temporary disability would not arise to the level of mayhem, the disability here was sufficiently disabling, for an extended period of time to amount to mayhem.

The judgment is affirmed.

Jefferson (Bernard), J., and Alarcon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 25, 1979.