[Crim. No. 25582. Second Dist., Div. One. Mar. 6, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
DONELL LOWE, Defendant and Appellant.

## COUNSEL

Michael Friedman, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Yvonne H. Behart, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—Appellant was charged with the murder of Frank E. Mann (count I), attempted murder of Reginald H. Mann (count II), robbery of Frank E. Mann (count IV), and robbery of Reginald H. Mann (count V). Each count contains an allegation that appellant used a firearm within the meaning of Penal Code section 12022.5. The robbery counts allege the infliction of great bodily injury. At a trial to a jury, eyewitness testimony established that appellant shot Frank and Reginald Mann in the course of robbing them, and that Frank Mann died of his wounds. The jury found appellant guilty of the crimes charged and determined the murder to be of the first degree. It found the allegations of use of a firearm and infliction of great bodily injury to be true. The trial judge sentenced appellant to state prison for the term prescribed by law on all counts ordering: "Count IV to run consecutively to Count V. Count II to run consecutively to Counts IV & V. Count I to run consecutively to Counts II, IV & V." The jury findings of use of a firearm and infliction of great bodily injury are repeated in the judgment.

■ On this appeal, appellant does not question the proceedings leading to the jury's verdict but correctly contends that the sentence imposed by the trial court is illegal.

Penal Code section 669, which permits the imposition of consecutive sentences, is subject to the express condition: "[I]f the punishment for any of [the] crimes [where the defendant has been convicted of separate offenses] is expressly prescribed to be life imprisonment, whether with or without possibility of parole, then the terms of imprisonment on the other convictions . . . shall be merged and run concurrently with such life

term." The rule of Penal Code section 669 precluding consecutive sentences when one of them is for an express life term is succinctly restated in the Los Angeles Superior Court Criminal Benchbook at page 578. The state prison term for first degree murder is expressly one of life. (Pen. Code, § 190.) Thus the judgment in the case at bench imposing consecutive prison sentences is patently contrary to statute.

■ Penal Code section 654 provides that "[a]n act or omission which is made punishable in different ways by different provisions of this [Penal] code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ." Section 654, as construed by our Supreme Court, permits the imposition of sentences on separate crimes incident to one objective, but precludes the execution of the multiple sentences in a fashion which permits the defendant to be punished in a manner greater than the punishment provided for the greater of the crimes. (*Neal* v. *State of California,* 55 Cal.2d 11, 20-21 [9 Cal.Rptr. 607, 357 P.2d 839]; *In re Wright,* 65 Cal.2d 650, 654-655 [56 Cal.Rptr. 110, 422 P.2d 998].) That result is accomplished in the trial court by staying execution of the sentence on the lesser crime with the stay to become permanent when the judgment on the greater offense is satisfied. (*People* v. *Niles,* 227 Cal.App.2d 749, 755-756 [39 Cal.Rptr. 11].) The principle of application of Penal Code section 654 is also precisely set forth in the Los Angeles Superior Court Criminal Benchbook at pages 573-574. A series of criminal acts with the objective of robbery which results in both a robbery and a murder or attempted murder of the same victim is within the rule of Penal Code section 654. (*People* v. *Mulqueen,* 9 Cal.App.3d 532, 547 [88 Cal.Rptr. 235].) From the record in the case at bench, it is apparent that the murder of Frank Mann and the attempted murder of Reginald Mann were incidental to the robberies of the same two victims. Accordingly, Penal Code section 654 precludes double punishment for robbery and murder in the óne case and robbery and attempted murder in the other.[1]

■ Appellant contends also that the additional punishment incident to a finding of use of a firearm within the meaning of Penal Code section 12022.5 is inappropriate where a life sentence is imposed because of Penal Code section 669. He argues alternatively that if the additional punishment conforms to the statutory scheme, the total punishment is then cruel and unusual in violation of the California and United States

[1]Because multiple victims are involved, appellant may be separately punished for his crimes against each victim. (See *People* v. *Bauer,* 1 Cal.3d 368, 377-378 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398], and cases there cited.)

Constitutions. Arguments identical with these have been rejected by the Court of Appeal. (*People* v. *Morgan,* 36 Cal.App.3d 444, 449-450 [111 Cal.Rptr. 548]; see also *People* v. *Johnson,* 38 Cal.App.3d 1, 11 [112 Cal.Rptr. 834].) That precedent compels rejection of the argument here.

■ A further error is contained in the judgment. "Usually section 654's prohibition against multiple sentences based upon a single criminal transaction will prevent judgments containing more than a single finding under section 12022.5." (*People* v. *Johnson, supra,* 38 Cal.App.3d 1, 12.) The prohibition against multiple findings of use of a firearm applies where there is a single "use" in the commission of a crime against multiple victims. (*People* v. *Johnson, supra,* 38 Cal.App.3d at p. 12.) Here the record discloses a single course of use of a firearm by appellant.

Our normal practice is to modify judgments containing an erroneous sentence to conform to law and to affirm the judgment as modified. (*In re Wright, supra,* 65 Cal.2d 650, 656.) We have, however, noted an increasing tendency by some trial judges to impose patently erroneous sentences in an apparent reliance upon that practice. Trial judges, no less than those of the appellate court, are obligated to follow the law given them by the Legislature. Where they do not do so, the workload of the appellate court is unnecessarily increased and the money of the taxpayers of California wasted. With the hope of discouraging what appears to be a developing practice, we affirm the judgment of conviction but remand the matter to the trial court for resentencing in accord with Penal Code sections 669 and 654, the well-developed case law, and its own Benchbook.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 1, 1975.