125 Cal.Rptr.2d 874 (2002)
102 Cal.App.4th 880
The PEOPLE, Plaintiff and Respondent,
v.
William DOMINGUEZ, Defendant and Appellant.
No. B154266.
Court of Appeal, Second District, Division Six.
October 7, 2002.
As Modified November 1, 2002.
*876 Jeffrey A. Needelman, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant Attorney General, Marc E. Turchin, Supervising Deputy Attorney General, Analee J. Nations, Deputy Attorney General, for Plaintiff and Respondent.
*875 YEGAN, J.
We publish this opinion as an entreaty to the criminal trial courts to follow the sentencing rules and make record which permits intelligent appellate review. This is not the first time that the Court of Appeal has reversed for the trial court's failure to comply with its duties pursuant to Penal Code section 654.[1] In People v. Lowe (1975) 45 Cal.App.3d 792, 796, 119 Cal.Rptr. 699, the Court of Appeal, in no uncertain terms, criticized the trial court for failure to adhere to the requirements of section 654. It noted that failure to do so increased the workload of the Court of Appeal and wasted the money of the taxpayers. Those observations are here apposite. This appeal, while important to the instant litigants, is pedestrian and could have been mercifully affirmed had the trial court made an appropriate record.
William Dominguez appeals from the judgment after a jury convicted him, as an aider and abettor, of second degree robbery (§ 211) and assault with a firearm (§ 245, subd. (a)(2)) with special findings that a principal was armed with a firearm (§ 12022, subd. (a)(1)). The trial court sentenced him to prison for three years on the robbery count, one year for the firearm enhancement appended thereto, and a one-year consecutive sentence on the assault with firearm count. We vacate the sentence, remand for resentencing, but otherwise affirm.

Facts
The victim, Lurea Frazier, walked to the Crenshaw Mall and took a short cut down an alley behind the apartment building at 4132 Palmyra Road. Frazier saw two men with whom he was acquainted. He knew them only as Johnnie and Baby Bill. Frazier stopped and talked to them.
Johnnie walked to a car, returned, and pointed a handgun at Frazier. Baby Bill, later identified as appellant, took $300 from Frazier's pocket as Frazier wrestled with appellant. During this tussle, Johnnie shot Frazier in the hand. Johnnie fired two more shots as Frazier attempted to flee. The police found three .25 caliber shell casings and blood in the alley.

Assault With A Firearm Conviction
Appellant contends that the assault with a firearm conviction, premised upon the two subsequent shots at Frazier, is not *877 supported by the evidence. On review, we do not reweigh the evidence or substitute our judgment for that of the jury. (E.g., People v. Gurule (2002) 28 Cal.4th 557, 630, 123 Cal.Rptr.2d 345, 51 P.3d 224.)
The evidence was uncontroverted that after shooting the victim in the hand, Johnnie fired two more shots as the victim ran down the alley. Because the last two shots were fired after the taking of the $300 was completed, appellant was appropriately found guilty of both robbery and assault with a firearm. (Neal v. State of California (1960) 55 Cal.2d 11, 20, 9 Cal. Rptr. 607, 357 P.2d 839; e.g., In re Jesse F. (1982) 137 Cal.App.3d 164, 171, 186 Cal.Rptr. 841 [assault committed after fruits of robbery obtained]; People v. Williamson (1979) 90 Cal.App.3d 164, 172, 153 Cal.Rptr. 48 [victims assaulted after money taken]; People v. Hopkins (1975) 44 Cal.App.3d 669, 676-677, 119 Cal.Rptr. 61 [robbery victim struck after she was tied up].)
Appellant argues that there was no evidence that the subsequent shots were fired at the victim. We disagree. The evidence supports the implied finding that the shots were directed at the victim. This inference flows from the first shot which wounded the victim. Chasing the victim with a loaded handgun "and then firing it off can clearly be inferred as reflecting an intent to injure and not merely an intent to frighten. [Citations.]" (People v. Brown (1989) 212 Cal.App.3d 1409, 1420, 261 Cal.Rptr. 262.) The prosecution did not have to prove that the handgun was pointed directly at the victim. (People v. Raviart (2001) 93 Cal.App.4th 258, 266, 112 Cal.Rptr.2d 850 [assault with a deadly weapon against two officers where defendant pointed firearm at one officer]. Because the assault with a firearm was a natural and probable consequence of the robbery, appellant was guilty as an aider and abettor. (People v. Prettyman (1996) 14 Cal.4th 248, 262-263, 58 Cal.Rptr.2d 827, 926 P.2d 1013.)

Section 654
Appellant argues that the consecutive sentence on the assault with a firearm count violates section 654. "Section 654 does not preclude multiple convictions but only multiple punishments for a single act or indivisible course of conduct. [Citation.]" (People v. Miller (1977) 18 Cal.3d 873, 885, 135 Cal.Rptr. 654, 558 P.2d 552.) Errors in the applicability of section 654 are corrected on appeal regardless of whether the point was raised by objection in the trial court ...." (People v. Perez (1979) 23 Cal.3d 545, 550, fn. 3, 153 Cal. Rptr. 40, 591 P.2d 63; People v. Scott (1994) 9 Cal.4th 331, 354, fn. 7, 36 Cal. Rptr.2d 627, 886 P.2d 1040, People v. Neal (1993) 19 Cal.App.4th 1114, 1120, 24 Cal. Rptr.2d 129.
The Attorney General argues that section 654 does not apply because the subsequent shots were fired after the robbery was completed. (E.g., People v. Coleman (1989) 48 Cal.3d 112, 162, 255 Cal. Rptr. 813, 768 P.2d 32 [consecutive sentence imposed where assault committed after robbery completed].) A separate act of violence against a helpless and unresisting victim, whether gratuitous or to facilitate escape or to avoid prosecution, may be found not incidental to robbery for purposes of section 654. (People v. Nguyen (1988) 204 Cal.App.3d 181, 190-191, 251 Cal.Rptr. 40.) If the trial court determines the crimes have different intents and motives, multiple punishments are appropriate. (Id., at p. 193, 251 Cal.Rptr. 40.) But, just because section 654 is not offended does not mean that the sentencing court is required to impose a consecutive sentence. It may select and impose a concurrent sentence. (See Cal. Rules of Court, rules 4.424, 4.433(c)(3).)
Unfortunately the record does not permit intelligent appellate review. The trial court made no finding concerning the motivation and intent for the two shots. As we shall explain, the failure to do so violates statutory law, decisional law, and the sentencing rules. We also fault the prosecutor *878 for not protecting the record. As the moving party in a criminal action, it is incumbent upon him or her to see that a lawful determination is made which can be sustained on appeal. (See People v. Winslow (1995) 40 Cal.App.4th 680, 683, 46 Cal.Rptr.2d 901.)
While there may be instances where an appellate court can (1) rely upon traditional appellate rules and implied factual findings at the sentencing hearing (e.g., People v. Holly (1976) 62 Cal.App.3d 797, 804, 133 Cal.Rptr. 331, or (2) determine whether or not there has been a miscarriage of justice and affirm on a harmless error analysis (see e.g., People v. Blessing (1979) 94 Cal. App.3d 835, 839, 155 Cal.Rptr. 780), this is not one of them. The record does not disclose how close or far in time and distance the subsequent shots were to the robbery, whether they could be deemed part of the robbery, or whether they were separate and distinct therefrom. Perhaps the subsequent shots were fired to disable the victim in order to take additional money or property from him. Perhaps they were fired to dissuade him from reporting the incident to the police. Perhaps they were fired because appellant and his cohort harbored some animus toward the victim. We have no basis to draw any of these theoretical inferences which is the job of the trial court in the first instance.
The imposition of consecutive terms is a sentencing choice for which the trial court must give reasons. (People v. Champion (1995) 9 Cal.4th 879, 934, 39 Cal.Rptr.2d 547, 891 P.2d 93; Pen.Code, § 1170, subd. (c); Cal. Rules of Ct, rule 4.406, subd. (b)(5) ["choices that generally require a statement of reason include: [¶] ... [¶] imposing consecutive sentences ...."] A section 654 factual determination is required by the sentencing rules: "Prior to determining whether to impose either concurrent or consecutive sentences on all counts on which the defendant was convicted, the court shall determine whether the proscription in section 654 against multiple punishments for the same act or omission requires a stay of imposition of sentence on some of the counts." (Cal. Rules of Ct., rule 4.424.)
The factual uncertainties in the record and the trial court's failure to state reasons for consecutive sentencing require that we vacate the sentence and remand for resentencing. "It is the function of the trial court, after seeing and hearing the witnesses, to determine this factual matter which controls the number of sentences to be imposed. A reviewing court is not the place to try facts." (People v. Scott (1966) 247 Cal.App.2d 371, 376, 55 Cal.Rptr. 525 [assault committed after burglary and robbery].)
At the new sentencing hearing, further facts may be developed at an evidentiary section 654 hearing, conducted on request of either party or on the court's own motion. (E.g., People v. Ross (1988) 201 Cal.App.3d 1232, 1238-1241, 247 Cal. Rptr. 827.) "`Notwithstanding the apparent simplicity of its language, the applicability of section 654 in a particular case often involves a difficult analytical problem .... Each case must be determined on the basis of its own facts, and general principles applicable to one type of case may not apply to another.' [Citation.] These are not the sort of issues that are submitted to a jury. [Citation.]" (Id., at p. 1240, 247 Cal.Rptr. 827.)
The convictions are affirmed. The sentence is vacated and the matter is remanded for resentencing.
We concur: GILBERT, P.J., and PERREN, J.
NOTES
[1] All statutory references are to the Penal Code.